Points decided.

## ANTONIO SETTEMBRE *v.* CHARLES D. PUTNAM, AND GEORGE D. MINCHELL.

A MINING PARTNERSHIP. — An agreement between one or more persons. who claim an undeveloped mine, and another person, that if the latter will devote his labor and skill in exploring and developing the mine, the former will furnish him with tools and provisions, and give him a share in the mine if it proves valuable, and a joint working of the mine and sharing in the profits by the parties after development, constitutes one of those qualified partnerships, common in California, known as mining partnerships.

CONTRACT CONCERNING MINING PARTNERSHIP. — Where a person claiming an undeveloped mine, agrees with another that if he will devote his labor and skill in its development, the former will furnish him with tools and provisions, and give him an equal interest in the mine in case it shall prove valuable, the latter is entitled to an equal interest in the mine when it becomes valuable, if he devotes his labor and skill until that time.

WHEN MINING PARTNER HOLDS IN TRUST FOR HIS COPARTNERS. — If two or more persons as mining partners claim and develop a mine situated upon land owned by a third person, and the partners authorize one of their number to purchase the land of the owner for the benefit of all, and he buys the same in his own name, he holds the legal title of his partners' proportion in the mine in trust for them.

SALE BY TRUSTEE TO INNOCENT PURCHASER. — If one of several partners in a mine holds the legal title in the same in his own right to the extent of his interest, and in trust for his copartners to the extent of their interests, a sale made by him, without the consent of his associates, of an undivided interest not exceeding in amount the interest held in his own right, to one who had no notice of the trust, will convey only the title of the grantor, and not the interests of the *cestuis que trust.*

PARTIES TO ACTION BETWEEN MINING PARTNERS. — Where two of three partners in a mine make a contract with a person not interested in the same, by which he becomes entitled to a share of their interest, and a like share of the profits of their interest, the two are the only necessary parties defendant in an action brought by the person they contract with to determine his right to a share in the mine, and a corresponding share of the profits on their interest.

PARTIES TO ACTION TO DISSOLVE MINING PARTNERSHIP. — In an action to take an account of a mining partnership and dissolve the same, and sever the interests of the several partners, all those owning interests in the partnership are necessary parties.

ORDER TO BRING IN OTHER PARTIES. — If, in a case in equity to dissolve a mining partnership, it appears on the trial that a complete determination of the controversy cannot be had without the presence of other parties, the Court may on its own motion, under section seventeen of the Practice Act, order them to be brought in before a final disposition of the case.

WAIVER OF PART OF RELIEF ASKED FOR IN EQUITY. — If, in an action brought against two of several mining partners to establish the plaintiff's right to an interest in the mine, under a contract with the defendants, and for a conveyance and an account and a dissolution of the partnership, the plaintiff is content with a judgment establishing his right and directing a conveyance, and waives an account and dissolution, the Court may grant that relief and give judgment, without making the other partners parties defendant.

JUDGMENT IN EQUITY ESTABLISHING PARTNER'S RIGHT.—Where a party institutes an action against a portion of his associates in a mining partnership to establish a disputed right to an interest in a mine, and a conveyance of the interest claimed is a part of the relief sought, a Court of equity may give judgment establishing the right and directing a conveyance to be made, without dissolving the partnership.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The plaintiff filed a complaint setting up the facts found by the Court, and also some other facts not material to be reported. He prayed in his complaint for an account to be taken by the Court of the value of all the ores removed from the mine by the defendants and of all sums of money which they had received and which had in any manner come to their use from the mine, and also of all charges and expenditures on account thereof by any and all of the partners, as well the plaintiff as the defendants, and each of them, and that the Court adjudge, order and decree that the partnership be dissolved, and that the defendants be required to pay to the plaintiff the amount which should be found to be due the plaintiff on the account, and the defendants be directed and required to grant and convey to the plaintiff one equal undivided third of the mine of North Almaden, and of all the interest owned or held by the defendants in the said mine of North Almaden, whether derived through or under the contracts with Thomas H. Farnsworth and Oliver W. Farnsworth, or otherwise, together with the rights thereunto belonging or in anywise appertaining, free from any and all incumbrances or charges, liens, or alienations of any kind made, done or suffered by the defendants or either of them, and for such other and further relief as to the Court might seem in accordance with equity and good conscience, and for all costs of suit.

The District Judge rendered judgment for defendants, and gave the following opinion, assigning his reasons therefor :

" My conclusion is that the foregoing facts do not show a partnership between the plaintiff and the defendants ; that the verbal agreement made by the defendants to the plaintiff to

share with him their interest in the mine if it should prove to be valuable, and their subsequent fraudulent conduct in refusing to do so after he had developed it, are matters for which the plaintiff has his remedy at law or in equity, upon a proper case to compel a specific execution of their agreement out of any interest which they, the said defendants, may have in the mine or the land in which it is. Therefore the defendants are entitled to judgment in this case for costs.

"Judgment is so ordered."

The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*William Matthews*, for Appellant, argued that the facts found constituted a mining partnership as defined in *Duryea* v. *Burt*, 28 Cal. 569. In support of this proposition he also cited Collyer on Mines, p. 28; *Skillman* v. *Lackmann*, 23 Cal. 203; *Fereday* v. *Wightwick*, 3 Russell, 45; *Roberts* v. *Eberchardt*, 23 Eng. L. & E. R. 249; *Jeffreys* v. *Smith*, 3 Rus. 158; *Owen* v. *Van Uster*, 1 Eng. L. & E. R. 396; and *Williams* v. *Attenborough*, 1 Tur. & Russ. 70. He further argued that if a partnership did not exist, still the plaintiff was entitled under the facts found to a conveyance of one third of the defendants' interest in the mine and the lands leased of the Farnsworths, because an averment of partnership included an averment of joint ownership, and because the plaintiff was entitled to any relief warranted by the facts found, even if he mistook the legal effect of the facts averred, and because defendants became the trustees of plaintiff; and cited on the question of the trust *Hidden* v. *Jordan*, 21 Cal. 92; *Lees* v. *Nuttall*, 1 Rus. & My. 53; *Rothwell* v. *Dewees*, 2 Black. 614; and *Van Horne* v. *Fondas*, 6 Johns. Ch. 407.

*J. M. Williams*, for Respondent, argued that no relief was asked for nor could any be granted except upon the ground of partnership between the parties; that the bill averred partnership and prayed for a dissolution and an account, and all averments which would support a decree for a conveyance of

lands were auxiliary to those of partnership, and if a conveyance could be ordered it would be after an account. As to partnership, he argued that the contract showed no communion of interest in profits and losses, and only amounted to an agreement that plaintiff should receive for his services an equal share of defendants' interest in the mine, and cited Collyer on Part. 19 to 33.

By the Court, SAWYER, J.:

We think, upon the facts found, that there existed between the plaintiff and defendants one of those associations, so common in this State, formed for the purpose of carrying on mining operations, and combining some of the incidents of ordinary trading partnerships, and some of the incidents of tenancies in common—a species of qualified partnerships, often called mining partnerships. The two defendants, together with one Brodie, were in possession of a portion of the "Rancho Yerba Buena y Socayre," in the County of Santa Clara, upon which they supposed they had discovered a quicksilver mine, which mine they claimed in equal shares. They had also agreed between themselves to explore and develop it. The title to the land upon which the mine was supposed to exist, was in Thomas H. and Oliver W. Farnsworth.

The Court found that both the plaintiff and defendants were without means; "but the plaintiff was a miner of some skill and experience, and the defendants, anxious to secure his services in prospecting the mine, verbally proposed to him, that, if he would accompany them and devote his time, labor and skill in exploring and developing the mine, they would supply the necessary mining tools and provisions, and give him an equal share of their interest in the mine (their interest being two thirds, and Brodie's one third) if it should prove valuable."

"The plaintiff accepted this proposition, and at the same time gave to them twenty dollars with which to pay certain

expenses incurred by the defendants in starting their enterprise."

"Under this verbal contract the defendants furnished the tools and provisions. Brodie was no party to the contract between the plaintiff and the defendants, but he furnished the defendants with two laborers. And the plaintiff, with the men furnished by Brodie, went to work and opened a tunnel, in which they worked for twenty-five or twenty-six days, and at the end of that time struck a ledge of quicksilver ore. The ledge promising to be valuable, the defendants and the plaintiff, upon a consultation together, concluded it best to buy from the said Farnsworths the title to the land on which the mine was located. And for that purpose they authorized one of their number, to wit, the defendant Putnam, to try and procure the land for them (the said plaintiff and defendants.) The defendant Putnam accordingly arranged with the said Farnsworths to lease one hundred acres of the land as described on page six of the plaintiff's complaint, with the privilege of buying it within six months thereafter; and on the 6th day of June, 1865, the said defendants, in their own names, and the said Farnsworths, made and executed and delivered the written lease and contract of sale of said tract of land.   *   *   *   * Thereafter the said defendants claimed to be the absolute owners of the mine and of the land in which it is located, and refused to recognize the plaintiff or Brodie as having any share with them in the mine, or any right, title or interest in the land in which the mine is, but (without informing the plaintiff of the fact) considered him (the said plaintiff) there as a laborer only. And on the 13th of June, 1865, they, the said defendants, transferred to one O. L. Crandall an undivided one third of the lease and contract of sale mentioned and described in the sixth finding of fact."

Crandall, at the time he purchased in, had no knowledge of the interest of plaintiff. On the 17th of June, four days after Crandall purchased, he and the defendants entered into a further contract of a similar character with the last, embracing a larger tract, of eleven hundred acres. The said Crandall and

the defendants then borrowed three thousand dollars from one John Parrott, with which they commenced working said mine, and took out ore and had it reduced at the Guadalupe Mine; and they realized from it forty flasks of quicksilver; and during all this time the plaintiff continued to work in the mine.

" The plaintiff worked at the mine from about the first of April, 1865, the time when he entered into the verbal contract with the defendants, until the 21st of July, 1865, not as a hired laborer, but under said verbal contract with said defendants; and during that time he received from said defendants sixty dollars, fifty of which were given to him when they and the said Crandall had borrowed three thousand dollars as already stated; and the other ten dollars were handed to him on the 3d of July, 1865, to enable him to enjoy the 'Fourth of July.' The plaintiff, when he received this money, took it, stating to the defendants that he did so on account of the share he had with them in the mine, and not in payment for his work."

"At the time of the commencement of this suit the defendants had no property except their interest in the mine and lands in controversy."

" The ores taken from the mine were sent to the Guadalupe Mine to be reduced, as stated in the within finding of fact, as security for the payment of the money advanced by Parrott to Crandall and the defendants."

*Implied trust in purchase of mining ground by a partner.*

Upon this state of facts, the plaintiff fully performed his part of the agreement, and became entitled to one third of the interest claimed by defendants, that is to say, one third of two thirds of the whole interest in the mining claim—Brodie having at the beginning one third, and the defendants two thirds. After developing the mine and proving its value, the plaintiff and defendants, for the greater security and the enhancement of the value of their enterprise, agreed, if possible, to lease or purchase from the owners the land upon which the mine was situate, and one of them was authorized to make the lease or

purchase from the Farnsworths, for the benefit of plaintiff as well as defendants. But the lease and purchase were, in bad faith, made in the name of the defendants alone. There can be no doubt that the interest thus acquired in the name of defendants, to the extent of one third of the whole interest to which they were entitled, was held by them in trust for the plaintiff. Nor does it make any difference that defendant sold an interest to Crandall without notice of plaintiff's rights, and that they increased the value of the purchase by a further contract with the Farnsworths. The defendants could dispose of their own interest, but they were not authorized to sell that of plaintiff, and after the sale to Crandall there was still sufficient left in the names of the defendants to satisfy the claim of plaintiff, and as these contracts of lease and purchase were made in the names of defendants, in bad faith, the law impresses upon them a trust in favor of plaintiff to the extent of his interest under the agreement. The plaintiff continued to work on under and in pursuance of his agreement till July 21st, 1865, long after the date of the last purchase, and after said purchases said defendants paid over to said plaintiff the sum of sixty dollars, defendants knowing that plaintiff received it at the time as a part of his share of the profits, and not as a payment for his labor. The plaintiff, by reason of his interest acquired under the agreement with defendants, as between him and them, is entitled to a corresponding share of the profits of the mine. And this necessarily entitles him to an account. He is also entitled to a conveyance of one third of the interest in the mine originally held by the two defendants, and one third of two thirds of the interest acquired by the two contracts entered into between the defendants and the Farnsworths, and the defendants and Crandall and the Farnsworths. The facts showing the plaintiff's rights are all set out in the complaint, and the prayer of the complaint is broad enough to cover all the relief to which the plaintiff is entitled, and, whether the arrangement is called a partnership or not, we see no reason why the relief might not be granted in this suit, if all the parties interested had been before the Court.

*Parties in action to dissolve mining partnership.*

The contest as to the right of the plaintiff to the interest claimed, and his share of the profits, seems to be between the plaintiff and defendants alone. Plaintiff has no agreement with Brodie. Defendants and Brodie had a claim to the mine and the possession of the land, each holding an equal share, also some sort of an agreement to explore and develop it. A sub-contract was then entered into between defendants and plaintiff, by which plaintiff was to devote his skill, time and labor to the enterprise, and in consideration thereof, they were to furnish provisions and tools, and share their interests equally with him. Brodie had nothing to do with this sub-contract. It concerned plaintiff and defendants alone, consequently Brodie had no interest in the litigation, so far as the establishment of plaintiff's right is concerned. What became of Brodie's interest after the development of the mine does not appear, yet he does not seem to have figured in the matters relating to the leases and conditional purchases from the Farnsworths, or in anything subsequent to striking the ledge. If Brodie still has an interest, and an account is to be taken, the association dissolved and the interests severed, as prayed for, Brodie and Crandall are necessary parties, for this branch of the relief sought could not be granted without affecting their interest. They are necessary parties in taking an account. It would be impossible to ascertain what share of profits would fall to the two thirds interest originally held by the defendants without taking an account as to the whole. It is true that no objection was taken in the Court below, on the ground of defect of parties, and the suit need not therefore necessarily be defeated; but it is one of those cases provided for in section seventeen of the Practice Act, where it turns out upon the trial that a complete determination of the controversy cannot be had without the presence of other parties, and the Court is authorized, of its own motion, to order them to be brought in before a final disposition of the case. If the

plaintiff insists upon an account and final settlement of the affairs of the concern when the case goes back, it appears to us, from the record as presented here, that it will be necessary for the Court below to order the other parties to be brought in, in order that they may have a hearing, so far as their interests are concerned. If, however, the plaintiff is content with a judgment establishing his right and for a conveyance of the interest to which he is entitled, we see no reason why he may not waive any relief which requires the presence of other parties, and have the relief indicated awarded on the record as it now stands. Perhaps a separation of the interests of the plaintiff from that of defendants would afford sufficient protection to the plaintiff without in any other respect interfering with the association.

Judgment reversed and cause remanded for further proceedings in the Court below.