HENRY WELLAND et al., Appellants, v. MELCHIOR HUBER, Respondent.

Action against Mining Partner for Specific Interest — Matter in Issue. Where under a mining partnership between Welland, Gross, Koch and Huber, in which each party was to have an equal interest, Huber located 1000 feet of mining ground, 400 in his own name and 200 in the name of each of his partners; and afterwards Welland, Gross and Koch brought suit against Huber for a dissolution and a conveyance to them of their interests in the 400 feet located in the name of Huber : Held, that the fact that Welland, Gross and Koch had conveyed all the interests located in their names to Huber and declared that they had sold out their interest in the mine, constituted no defense, and that the admission of such conveyances, as evidence that Huber had acquired plaintiffs' interests in the 400 feet located in his name, was error.

Defense to be Confined to Issue Raised by Pleadings. In a suit to compel the conveyance of certain mining ground, where defendant relied upon an answer that plaintiff was not the owner or entitled to a conveyance : Held, that the defense must be confined to the matter set up in such answer.

Action for Specific Performance—Previous Demand a Matter of Costs. Where a person has a right to a specific performance, such right depending upon the contract and not upon a breach of it, a demand of performance before suit brought is only important in reference to the costs of the action and has no bearing upon the merits or rights of the parties.

Costs in Equity—Specific Performance Cases. Costs in equity are in the discretion of the court; and if a plaintiff unreasonably enforce an equitable right, depriving defendant of an opportunity to satisfy the claim made against him without suit, the relief may be granted without costs or plaintiff may be compelled to pay defendant's costs.

Right to Specific Performance Without Previous Demand. Where a party located certain mining ground in his own name but under contract for another person : Held, that there was an implied promise to convey upon request and that such other person at once acquired a right to a specific performance, which might be enforced in equity without a previous request.

Appeal from the District Court of the Seventh Judicial District, Lincoln County.

This was an action by Henry Welland and Lewis Gross, making August Koch a party plaintiff, for the dissolution of a mining partnership · alleged to exist between them and Melchior Huber and a conveyance to said Welland and Gross of one hundred feet of mining ground, being a portion of four hundred feet located in the name of Huber in the Huber Ledge, Chief Mining District, Lincoln County.

In addition to the findings quoted in the opinion, the court below found, as facts, that no demand was made by plaintiffs upon defendant for the conveyance of any mining ground; that there was no proof of a refusal on the part of defendant to convey any mining ground prior to the commencement of the action; and, as a conclusion of law, "that to maintain an action for mining ground held by one party in trust for another, either as a copartner or under and by virtue of an agreement, a demand must first be made for the conveyance of the same."

Upon the facts and conclusions of law as found, the court below was of opinion that the defendant should have judgment for costs; and it was so ordered and entered. Plaintiffs moved for a new trial, which was overruled; and they then took this appeal from the judgment and order.

*A. B. Hunt,* for Appellants.

I. The issues raised by the pleadings are the fact of the formation and existence of the partnership as alleged in the complaint; whether plaintiffs and defendant were equally interested in the same and equal owners in all mining claims located; whether plaintiffs complied in substance with the conditions on their part to be performed; and whether the mining ground described in the complaint was located by and became the property of the copartnership. Each of the above issues was found in favor of plaintiffs.

II. Defendant's answer contained no allegation of any purchase by defendant from plaintiffs or either of them or from any one else of any portion of the mining ground sued for or of any mining ground. The answer is merely, in substance, a denial that plaintiffs or either of them are or ever were the owners of any part of the ground sued for and located in defendant's name. Under the pleadings all evidence given of any sale of any kind whatever should have been rejected and stricken out at the trial, as asked by plaintiffs, and should have been disregarded by the court as immaterial, irrelevant and incompetent, as foreign to any issue

in the case and as in no manner showing or tending to show a sale of any portion of the ground sued for.   3 Greenl. on Ev. Sec. 355; *Hunt* v. *Daniels*, 6 J. J. Marshall, 404; *Piatt* v. *Vallier*, 9 Peters, 405; *Green* v. *Covillaud*, 10 Cal. 331; *U. S. Bank* v. *Schultz*, 3 Ohio, 62; *Wheeler* v. *Schad*, 7 Nev. 212; 2 Bland. 264; 1 Ala. N. S. 330; 1 Dev. & Bat. Ch. 36.

III.   It was immaterial whether or not in point of fact the partnership had ceased to exist prior to the commencement of this suit.   Because, if in fact such was the case, its legal existence still continued as to all antecedent transactions, and it is the right and privilege of each one of the partners to have his proportion of the partnership effects set apart to him.   Story on Part. Secs. 92, 97, 325, 326; 1 Story's Eq. Sec. 674.

IV.   It is incompetent for any party to introduce parol evidence to contradict or vary the express terms of a deed, and particularly so when such deed has been offered by himself and he claims that it was given for the purposes expressed upon its face.   Even had the parol evidence given at the trial in reference to the sale been competent for any purpose, it was incompetent to show that the deeds from Welland and Gross conveyed more than 200 feet each, or any part of their interest in the 400 feet located in the name of defendant.   And the doctrine that real estate can be conveyed by *intendment* in any such case as the one at bar is without precedent in this or any other country.

*Bishop & Sabin* and *J. C. Foster*, for Respondent.

No brief on file.

By the Court, BELKNAP, J.:

The complainants substantially allege:   That in the month of December, 1871, they and defendant formed a copartnership for the purpose of discovering and locating mining claims; that in consideration of a prospecting outfit furnished the defendant he agreed to devote his time and services in prospecting for and locating mines in which all of the parties

were to be equally interested; that in pursuance of this agreement defendant proceeded to the Chief Mining District and there located the Huber ledge; that said location contains 1000 feet,—400 of which are in the name of the defendant and 200 in the name of each of the complainants.

Complainant Koch sold all of his interest in the four hundred feet located in the name of the defendant before the filing of the bill. The bill prays for a dissolution of the partnership, and a conveyance to Welland and Gross of one hundred feet of the four hundred feet located in the name of Huber, and for costs.

Defendant answering denies having made any agreement of copartnership, and that any copartnership between himself and complainants ever existed ; and denies that the complainants are or ever were the owners of or entitled to a conveyance of the four hundred feet or any part thereof.

The case was tried by the court. The facts found were: "That on or about the 25th day of December, A.D. 1871, plaintiffs and defendant entered into a verbal agreement to prospect for and locate mines, by which it was agreed by plaintiffs to furnish provisions, money and a horse for the use of defendant; and defendant agreed to give his services in prospecting for and making locations in Chief Mining District, Lincoln County, Nevada, in which all parties were to be equal owners;" that the complainants substantially complied with their part of the agreement; that under this agreement the Huber ledge was located by the defendant; that in February, 1872, Gross and Welland each sold two hundred feet of the Huber mine to the defendant, and "after selling and conveying two hundred feet each in the Huber mine they claimed and acknowledged to have sold out of said mine, and to have sold their interest in the same;" that no copartnership has existed between the parties since about January 1, 1872.

The district judge ordered judgment to be entered in favor of the defendant; and from the judgment and an order denying a new trial this appeal is taken. At the trial the defend-

ant introduced in evidence deeds from the complainants Welland and Gross for two hundred feet each acquired by location and proved that they had afterwards declared they had sold their interest in the Huber mine. From this evidence the district judge finds as a conclusion of law that before the commencement of this action Welland and Gross conveyed their entire interest in the Huber mine to the defendant "either by deed of conveyance or by intendment."

The admission of this testimony for the purpose of proving that the defendant had acquired the interest of Welland and Gross in the four hundred feet was manifestly erroneous. The fact that the defendant was bound to defend upon the ground assumed by his pleading and no other, is a sufficient answer to the position taken by the district judge. *Smith* v. *Clarke*, 12 Vesey, 476; *Clarke* v. *Turton*, 11 Vesey, 240; *Gordon* v. *Gordon*, 2 Swanst. 400; *Blake* v. *Marnell*, 2 Ball & B. 35; *Beach* v. *Fulton Bank*, 3 Wend. 573; *Woodcock* v. *Bennett*, 1 Cowen, 734.

In *James* v. *McKernon*, 6 Johns. 543, upon the question whether a defense was properly in issue, Ch. J. Kent said: "The good sense of pleading and the language of the books both require that every material allegation of this kind should be put in issue by the pleadings, so that the parties may be duly apprised of the essential inquiry and may be enabled to collect testimony and frame interrogatories in order to meet the question. Without the observance of this rule the use of pleading becomes lost, and parties may be taken at the hearing by surprise."

No demand for a deed was alleged or proven. The object of a demand is to place the defendant in default, and with some exceptions an action at law for non-performance of a contract can only be maintained upon such technical default. The New York court of appeals, in *Bruce* v. *Tilson* (25 N. Y.) say, "The distinction between an action for a specific performance in equity and a suit at law for damages for non-performance, is this, that in the latter the right of action grows out of a breach of the contract and a breach must exist before the commencement of the action, while in

the former, the contract itself and not a breach of it gives the action. A demand of performance before suit brought is only important in reference to the costs of the action, and has no bearing upon the merits or the rights of the parties."

Costs in equity are in the discretion of the court, and if the plaintiff unreasonably enforces an equitable right, depriving the defendant of an opportunity to satisfy the claims made upon him without suit, the relief may be granted without costs, or the plaintiff may be compelled to pay the costs of the defendant.

If Huber located the four hundred feet in his own name in pursuance of the alleged partnership, he did so under an an implied promise to convey to the complainants their interest in it upon request. The complainants at once acquired a right to a specific performance, and that right could be enforced in equity without a previous request.

The judgment and order of the district court are reversed and cause remanded for a new trial.