[No. 12230.  In Bank.—June 22, 1888.]

FRANK MORITZ, RESPONDENT, v. A. LAVELLE, APPELLANT.

MINING CLAIM — AGREEMENT TO LOCATE AND DEVELOP — STATUTE OF FRAUDS — TRUST. — An agreement to locate and develop a mining claim for the joint benefit of the parties need not be in writing. And if in pursuance of the agreement one of the parties locates the claim in his own name, he holds the legal title to the interest of the other in trust for him.

ID. — ACTION TO ENFORCE TRUST — CITIZENSHIP NEED NOT BE ALLEGED — PERFORMANCE OF CONDITION. — In an action to enforce such trust, and to compel a conveyance of his interest in the claim, the plaintiff need not allege citizenship in his complaint; and an allegation that "the plaintiff has performed all and singular his agreements and covenants with the defendant," is sufficient as an averment of the performance of the conditions on his part to be performed.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*W. A. Gray,* and *Oregon Sanders,* for Appellant.

*W. B. Wallace,* for Respondent.

PATERSON, J.—The plaintiff and defendant entered into a verbal agreement to occupy and relocate a mine in Tulare County for their joint use and benefit. The plaintiff promised to pay all the expenses of the defendant, and furnish him with an outfit necessary to make the trip from Calaveras County to Tulare County, and

to make the necessary examination of the mine; to pay the defendant's board for a certain time, and furnish him with provisions, clothing, and blankets. It was agreed that if the mine had been abandoned, the plaintiff should join the defendant at the mine, and assist in working the same. Pursuant to the agreement, the plaintiff furnished the defendant with all he had promised to furnish him. The defendant visited the mine, found that it was abandoned, notified the plaintiff of the fact, and the plaintiff joined him thereafter at the mine. The parties staked off the mine, erected the necessary monuments, completed the relocation of the mine by placing notices of relocation thereon, as required by law. These notices were signed by the defendant alone as locator, and by plaintiff as a witness, with the express oral agreement between them that, in consideration of the agreement which we have referred to, the defendant would transfer and deed to the plaintiff the undivided one-half interest in and to the mine. The parties thereafter commenced working the mine, and the plaintiff demanded a transfer to him of the undivided one-half interest which the defendant had promised to convey. The defendant refused to make a conveyance of any interest, and denied that plaintiff owned any interest therein, and forcibly expelled him from the mine. The court below gave judgment for the plaintiff as prayed for, namely, that defendant execute and deliver to the plaintiff a deed transferring the undivided one-half interest in and to the mine.

It is claimed that there having been no agreement in writing, and no such part performance as will take the case out of the statute of frauds, the contract cannot be enforced. But the statute of frauds has no application in cases of this kind. In *Gore* v. *McBrayer*, 18 Cal. 582, Gore, McBrayer, and others entered into an oral agreement to prospect for quartz. The court there held that the statute of frauds, which requires an instrument in

writing to create an interest in land, does not apply to the taking up of mining claims. In *Settembre* v. *Putnam*, 30 Cal. 490, it was held that where mining partners, under a verbal agreement, claim and develop a lode upon the land of another, and authorize one of their number to buy the claim for the benefit of all, and he procures a deed in his own name, he holds the legal title to the interest of his partners in trust for them. (See also *Sandfoss* v. *Jones*, 35 Cal. 487; *Hirbour* v. *Reeding*, 3 Mont. 13; *Murley* v. *Ennis*, 2 Col. 300; *Welland* v. *Huber*, 8 Nev. 203.)

It was not necessary for the plaintiff to allege citizenship in his complaint. (*Thompson* v. *Spray*, 72 Cal. 528.)

The complaint alleges "that plaintiff has performed all and singular his agreements and covenants with defendant." This allegation is sufficient, we think, as to the performance of conditions on his part. (*California Steam Nav. Co.* v. *Wright*, 6 Cal. 258; 55 Am. Dec. 511.)

The demurrer to the complaint, therefore, was properly overruled, and the plaintiff was entitled to judgment. Judgment affirmed.

SEARLS, C. J., SHARPSTEIN, J., MCFARLAND, J., MCKINSTRY, J., and THORNTON, J., concurred.