[No. 606. On Rehearing, December 19, 1896.]

FRANCIS X. EBERLE, PLAINTIFF IN ERROR, v. WILLIAM CARMICHAEL ET AL., DEFEND-ANTS IN ERROR.

MINES AND MINING—LOCATION—ORAL AGREEMENT—STATUTE OF FRAUDS. —Where each of three persons located a different mine, under a parol agreement that all mines located by either should be owned in common by them.—Held: That such agreement was not within the statute of frauds.

ON REHEARING. Denied; LAUGHLIN and BANTZ, JJ., dissenting.

THOMAS B. CATRON for plaintiff in error.

No ground for rehearing is set up which did not constitute subject-matter of the decision of the court in

this cause reported in 8 N. M. 169. Rehearings will not be granted on such a showing. Mount v. Mitchell, 32 N. Y. 702; Fosdick's Exor. v. Hempstead, 126 Id. 651; 56 Id. 94; 8 Minn. 540. See, also, Teaz v. Corystie, 2 Abb. Prac. 260; Brown v. Aspden, 14 How. 25; U. S. v. Knight, 1 Black, 489; Walker v. Ryan, 9 Wall. 603; 102 U. S. 107; 104 Id. 415; 6 Sawy. 530; 89 Cal. 25.

W. B. CHILDERS for defendants in error.

The position of the court rendered in this cause that the requirement of the territorial statutes with reference to the recording of locations of mining claims is in conflict with the provisions of section 2324, Revised Statutes, United States, with reference to work done on only one claim for the benefit of that and contiguous claims held in common, is not well taken. Jupiter Min. Co. v. Bodie Min. Co., 7 Sawy. 96 (4 Marr. 426).

The contention that a mere possession under a parol agreement constitutes a holding in common, is a complete begging of the question. Carpentier v. Montgomery, 13 Wall. 480; Morehouse v. Phelps, 21 How. 294; Shelburn v. DeCordova, 24 How. 423; Fenn v. Holme, 21 How. 481; Gilmer v. Pointdexter, 10 Id. 257.

The civil law has nothing whatever to do with the provisions of our statute relating to instruments under seal. At the time section 2752, Compiled Laws, was enacted the common law was in force in this territory. Childers v. Talbott, 4 N. M. (Gil.) 336; Browning v. Browning, 3 Id. 659.

The contention that the defendants having failed to put a location notice in evidence, they must be treated as mere trespassers, is also not sustained. The plaintiffs would have to show actual possession or the right to the immediate possession growing out of a valid location notice as against defendants. Until this is

done the defendant is not required to show any title. Reynolds v. Mining Co., 116 U. S. 698.

COLLIER, J.—The petition for rehearing in this case was allowed for the purpose of reargument upon the proposition that a parol agreement for the acquiring of an interest in a mining claim in New Mexico was within the statute of frauds, and therefore void. The opinion of this court, rendered October 16, 1895, proceeded upon the theory that a parol agreement, whereby three persons associated themselves together for the purpose ·of prospecting, discovery, location, and development of mines for their joint benefit, and located and developed mines in pursuance thereof, constituted a holding in common of such mines under the mining laws of the United States; that the territorial statutes as to how such location should be made were merely regulatory in their character; and, whether such statutes denominated the possessory interest acquired, real estate, an interest in real estate, a chose in action, or a chattel, mere denomination of such interest could not raise the statute of frauds as a bar of its ·acquisition, if it was not there, nor take it away if it was. We held that "such statute must be construed in subordination to the laws of congress, as they are more as regulations than independent legislation;" and this would be so without respect to the fact whether such laws were those of a sovereign state or a dependent territory, as in each case they would be local regulations as to an interest or right sought to be acquired, or acquired under the mining laws of the general government. In the case of Murley v. Ennis, which was a Colorado case, reported in 2 Colo. 304, it made no difference that in that state a mining claim was declared by law to be real estate. In the case of Gore v. McBrayer, 18 Cal. 583, the agreement was verbal; and it

*Margin note:* MINES: location: parol agreement: statute of frauds.

was conceded in the opinion, which was deliverd by
Baldwin, J., and concurred in by Field, C. J., and
Cope, J. (a unanimous bench), that an interest in a
mining claim was real estate by the law of California;
but the court held the statute of frauds had no applica-
tion.    It is true that case differs from this so far as the
location notice is concerned; there the name of the
plaintiff appearing on the notice as one of the locators,
while here plaintiff appears as sole locator of the
Andrew Jackson mine, and John E. Eberle as sole
locator of the Lexington, but the principle which coun-
sel for defendant combats is squarely announced, viz.,
that such agreement is not within the statute of frauds.
Coming down further, we find in Moritz v. Lavelle, 77
Cal. 10, exactly such a location notice as here with ref-
erence to the Lexington mine.    The agreement was
verbal, and to the effect that plaintiff was to pay all the
expenses of the defendant in and about the occupying
and relocation of a certain mine.    The mine was loca-
ted in the name of defendant as sole locator in the
notice, with plaintiff as a witness, upon the express oral
agreement between them that, in consideration of the
former agreement about paying expenses, defendant
would transfer by deed to plaintiff an undivided one
half interest in the mine.    Plaintiff sued for specific
performance, and, being met by demurrer that the con-
tract was within the statute of frauds, the demurrer
was overruled; Gore v. McBrayer, supra, being cited,
among other authorities.    If this case is authority in
point so far as the Lexington mine is concerned, there
can be no doubt as to its being equally pertinent as to
the Andrew Jackson, which was located in the name of
plaintiff alone.    Again, we find a California case (Set-
tembre v. Putnam, 30 Cal. 490) which announces the
principle that if two or more persons, as mining part-
ners, claim and develop a mine situated upon land
owned by a third person, and the partners verbally
authorized one of their number to purchase the land of

the owner for the benefit of all, and he buys the same in his own name, he holds the legal title of his partners' proportion in trust for them; Sawyer, J., delivering the opinion of the court.

Why, it may be asked, may not a verbal agreement to acquire a possessory right to a mining claim, and eventually a title thereto from the government, be effectual to constitute a holding in trust, if a title conveyed by an individual to one of the parties constitutes a holding in trust? One title results from the performance of acts required by law; the other by act of parties. In Traphagen v. Burt, 67 N. Y. 30, it was held that verbal agreement to purchase and improve real estate on joint account, showing equally the profits and losses, was not within the statute of frauds where several farms were purchased thereunder, and the deeds as to all save one were taken in the joint names of the parties, and improvements were made at joint expense upon all, and cattle and other property were purchased for each and all. The court, in discussing that case, showed that there was such a part performance as made a resulting trust in favor of the plaintiff. In the case at bar the evidence shows that in pursuance of the agreement to prospect, locate, and develop the three mines located, one in the name of one of the parties, one in the name of another, and one in the name of the third, expense was incurred by plaintiff as to the three, work was done on the three, and the assessment work for some of the years was done off of all three, but for the purposes of developing all by means of a tunnel. Why is this not, as declared in Traphagen v. Burt, supra, a partnership for acquiring real estate, and why, under the circumstances, would there not be a resulting trust? It is to be remembered that this objection applies in no way whatever to the status of the plaintiff at the time of bringing suit, for at that time he had, by deeds of conveyance from the other two parties to the verbal

agreement attacked here, become vested with the entire interest in the three mines; but it only applies to the question whether such an agreement, and work done and money expended thereunder, constituted a holding in common. Surely, if the statute of frauds has no application to the taking up of a mining claim, as decided by the Colorado and California cases, supra, nor to a partnership for the acquiring of land and creating a resulting trust ·where there is part performance, as decided in Settembre v. Putnam and Traphagen v. Burt, supra, at least a holding in common under the mining laws should be held to exist.

It is admitted, as we understand the contention and the brief of defendants in error, that the case of Book v. Mining Co., 58 Fed. Rep. 119, is an authority directedly and pointedly against their contention; and yet, as we pointed out in the opinion as to which the rehearing is asked, this case does not go at all to the extent of that. Here is a case where locations are made for the joint interest of all. There was a case where employees of a corporation made the location for the benefit, not of themselves, but of the corporation employing them. We quote from that decision (HAWLEY, Judge), on the subject of the statute of frauds: "The statute of frauds relied upon by complainants has no application whatever to the facts of this case. An agreement to locate a mining claim for the benefit of another need not be in writing. If a party in pursuance of such an understanding, at the expense of another, locate the claim in his own name, he holds the legal title to the ground in trust for the benefit of the party for whom the location was made, and such party could, on making the necessary proofs, compel the locator of the mining claim to convey the title thereof to him, although the agreement to do so was not in writing. This familiar principle has often been applied in cases where a party has entered into an oral agreement to locate min-

ing ground for the joint benefit of himself and others, and makes a location in his own name. It has always been held that such oral agreements are not within the statute of frauds. Gore v. McBrayer, 18 Cal. 582; Moritz v. Lavelle, 77 Cal. 10; 18 Pac. Rep. 803; Hirbour v. Reeding, 3 Mont. 13, and Welland v. Huber, 8 Nev. 203." The case at bar is one where, in the language of the learned judge, "this familiar principle has often been applied." Seeing no error in our former opinion, it will be again ordered that the judgment of the court below be reversed, and this cause stand for a new trial.

SMITH, C. J., concurs. LAUGHLIN and BANTZ, JJ., dissent.