Fultz, respondent, *v.* Walters, appellant.

CERTIFICATE OF DEPOSIT — *delivery* — *remedy for non-payment.* W., as agent for F., deposited money in a bank and took a certificate of deposit, payable to his own order, three months after date. W. delivered the certificate to F., but refused to make a written indorsement thereon to F., and the bank refused to pay F., the owner and holder. *Held,* that said certificate is negotiable, and may be assigned by delivery without any writing. *Held,* also, that F. has a legal remedy against the bank, and cannot maintain a bill in equity to compel the payment of the certificate after W. has indorsed it. *Held,* also, that F. can maintain a bill in equity to compel W. to indorse said certificate to F.

DEMURRER FOR MISJOINDER. A demurrer for the misjoinder of parties defendant, which does not show wherein there is such misjoinder, will be overruled.

DEMURRER FOR WANT OF EQUITY. A demurrer upon the ground that the complaint does not show sufficient equity to charge a party cannot be made under the specification that there is a misjoinder of parties.

*Appeal from Third District, Lewis and Clarke County.*

WADE, J., sustained the demurrer to the complaint.

JOHNSTON & TOOLE, for appellants.

Respondent has always been the owner of the certificate of deposit, and has a complete remedy at law. *Welton* v. *Adams*, 4 Cal. 37; Morse on Banks, 52.

At common law the instrument sued on is a promissory note. Morse on Banks, 53, 54. It is negotiable by the laws of this Territory. Cod. Stats. 385, § 1.

The delivery of the certificate with the intention of passing the title of the holder entitles the party to whom it is delivered to maintain an action at law in his own name upon the same. *Prescott* v. *Hull*, 17 Johns. 284; *Taaffe* v. *Rosenthal*, 7 Cal. 514; *Baker* v. *Bartol*, id. 551.

If respondent is a *cestui que trust*, he is the real party in interest, and can maintain the action at law against the bank, and join the trustee with him, if necessary. *Lomme* v. *Sweeney*, 1 Mon. 584. The trustee may be made a party by the court, upon his application. Civ. Pr. Act, §§ 17, 18, 599.

Respondent must pursue his legal remedy.

SHOBER & LOWRY, for respondent.
No brief on file.

KNOWLES, J. The issues in this case are presented by the complaint of the respondent and the demurrer of the appellant. It is an action in equity. The facts set forth in the complaint are to be taken as true. The demurrer admits them. The complaint shows that James Walters, as the agent of Joseph Fultz, deposited in the First National Bank of Helena $3,100, and took a certificate of deposit in his own name from said bank therefor; that the certificate of deposit is now in the possession of Fultz, but that Walters has refused, and still refuses, to make a written indorsement of the same to him, and that said bank refuses to pay the same, for the reason that the said certificate is not indorsed to him, Fultz. The object of the action is to compel the said Walters to indorse this certificate of deposit to Fultz, and, should he fail to do so, that the court appoint a commissioner to make the same; and further that the said bank, when the indorsement shall be made, shall be compelled to pay the said certificate. The de-

murrer was to the point that the complaint did not state equity sufficient to charge the bank. The court overruled the demurrer. The first point we will consider. Does the complaint state facts sufficient to warrant the court in giving the relief demanded against the bank? A certificate of deposit made in the form of the one presented in this action is in effect a promissory note. It is made payable to the order of Walters, three months from date. Morse on Banks, 53, says of instruments of this character: "They have been held to be in fact equivalent to promissory notes. Usually they embody an express promise in terms to pay, but even if they do not, they are yet the bank's acknowledgment of its indebtedness, and so are of the same effect as if they expressly promised payment. Substantially they resemble promissory notes, and the courts have always inclined to regard them as such, especially when they are made payable otherwise than immediately and upon demand. If they are payable at a future day certain, they are simply promissory notes, neither more nor less."

Upon the same subject, Parsons on Notes and Bills (vol. 1, p. 26), says: "There has recently been considerable discussion as to the nature of the instrument in common use among bankers, called a certificate of deposit. It is usually in this form: 'I hereby certify that Mr. A—— has deposited in —— bank $1,000, payable twelve months from date, to his order, upon the return of this certificate. (Signed) B, Cashier.' We think this instrument possesses all the requisites of a negotiable promissory note; and that seems to be the prevailing opinion." See, also, to the same effect, *Miller* v. *Austen*, 13 How. (U. S.) 218. Being a promissory note, this certificate is negotiable. The bank then had no interest in the relief asked against Walters, the indorsement of the same. And it may be needless to remark that this is the only equity presented in the bill for which the plaintiff asks relief. I think also that the plaintiff had a speedy and adequate remedy at law against the bank without the indorsement prayed for. The complaint shows that Fultz was the holder of the said certificate, and the real owner of the same. Walters had delivered it to him, and claimed no interest therein. A note may be transferred by assignment as well as by indorsement. And it is not necessary that such assignment should be evidenced by writing. Upon the subject of the

assignment of promissory notes, see 2 Pars. on N. & B. 44–54. In this discussion, he lays down the rule: "A note of hand, or a bill of exchange, being, as we have said, *itself* only a personal chattel, although called and regarded for most purposes as a chose in action, may be assigned by delivery only, without any writing upon it, or on another paper."

The delivery of the certificate to Fultz under the circumstances that appear in the complaint was an assignment of the same. Fultz alleges that he is the holder and owner thereof, and that Walters claims no interest therein. The fact that the certificate was made payable to the order of Walters makes no difference. Promissory notes, made payable to order, may be assigned as we have seen by delivery. The words "payable to order" made it negotiable, and made it subject to the incidents which attach to negotiable paper. The words "payable to order," in a promissory note, do not amount to a contract that the payor is only to pay the same when it is indorsed properly by the payor. He is liable to an assignee, as well as to an indorsee. Under our statute, Fultz being, as he avers, the owner and holder of this certificate, could bring an action thereon in his own name against the bank. Our statutes provide: "Inland and foreign bills of exchange and promissory notes are hereby declared to be negotiable obligations in this Territory, and collectible by and in the name of the holders and owners thereof." Cod. Sts. 385.

Again, the holder and owner of a promissory note is the real party in interest, and hence, under our statutes, the proper person to bring an action on such an obligation. Did the common-law rule prevail, then Fultz would have a right to sue the bank, in the name of Walters, for his benefit, and there would be no need of a resort to a court of equity to enforce his rights. For these reasons, we think the court erred in its ruling, as far as the bank was concerned. That there was no equity presented in which it had an interest, we think evident. In regard to Walters, had this case been properly presented by the demurrer, or briefs filed in this case, I, for myself, would be inclined to hold that the complaint presented no equity against him. The demurrer does not show wherein there was a misjoinder of parties. The point that the complaint does not show equity sufficient to charge either

party cannot be raised on a specification that there is a misjoinder of parties defendant. This point can be raised by our Code only under the specification that the complaint does not state facts sufficient to constitute a cause of action. The other ground specified in the demurrer goes to the point only that the complaint does not state sufficient facts to justify the court in giving the plaintiff the relief he asks against the bank, and does not present the question as to whether or not there was equity enough in the complaint to charge Walters. And there is nothing in the briefs of appellants that present this issue. This court does not feel called upon to rule upon any point, in a case like this, not presented by the exceptions or arguments of counsel.

Considering the premises, the order of this court is that the judgment of the court below be modified so as to give the relief asked against Walters alone, and that, as to the First National Bank of Helena, the demurrer be sustained and the cause dismissed.

*Judgment modified.*