LARGEY, RESPONDENT, *v.* BARTLETT, AT AL., APPEL-LANTS.

[Submitted May 7, 1896.  Decided May 18, 1896.]

ESTOPPEL—*Agreement to convey interest in mining claim.*—Where the owner of certain mining claims enters into a valid written agreement with another to convey to him a half interest in the claims upon the performance of certain conditions, and the latter performs such conditions, expending large sums upon the property, the benefits of which the owner receives, he will not thereafter be permitted to deny the existence of the claims or the validity of his own title thereto.

FRAUD—*Principal and agent—Relocation of mining claim.*—One occupying the fiduciary relation of a trusted agent, both of the defendant who was the owner of the mining claims in controversy and also of the plaintiff, who was entitled to a conveyance of a half interest therein, and who has full knowledge of the contract relations existing

between his principals, cannot, by availing himself of knowledge obtained in such capacity, defeat the rights of the plaintiff to a conveyance by an attempted relocation of the claims, sought to be accomplished by altering the names of the claims and the locators upon amended notices of location which he had posted for the benefit of his principals.

SAME—*Same.*—The fact that the agent in such case inserted the name of his wife as locator of the claims in question in attempting to relocate them, was a fraud against his principals and could not avail him or her as against the plaintiff.

SAME—*Collusion in judgment quieting title—Equitable interest in mining claim.*—In an action by the wife to quiet title to mining claims, which had been relocated in her name by her husband, while acting as an agent both for the owner and one having an equitable title to a half interest, the consent of the owner to appear and for the case to proceed, his refusal to file an answer and waiver of trial by jury, are evidences of collusion between himself and the plaintiff in such action to defraud the equitable owner of his interest in the claims, and a judgment so obtained will be annulled for fraud and collusion in an action brought for that purpose by the latter.

FRAUDULENT CONVEYANCE—*Knowledge of fraud by grantee.*—A deed made by the owner of the legal title to mining premises to a third person for the purpose of defrauding the plaintiff who owned an equitable interest in the property, and taken by such grantee, with knowledge of such interest is void as against the plaintiff.

APPEAL—*Misjoinder—Answering over.*—Questions as to misjoinder of parties and that several actions are improperly united will not be considered on appeal when the demurrer was not specific and the defendants answered after it was overruled.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION to vacate a fraudulent judgment and to compel conveyance of an interest in mining premises. A decree was rendered for the plaintiff below by WOODY, J. Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff brought this action to have declared fraudulent and void the location of two mining claims, known as " Razor Back " and " Hardfoot," and to vacate and set aside as null and void a certain judgment obtained in the district court of the Fourth judicial district in a suit wherein Harriet A. Bartlett was plaintiff and George F. Bartlett, a defendant herein, was defendant, said judgment having been obtained in an action brought to quiet title to the mining claims aforesaid, in which said action the said Harriet Bartlett was by judgment of said court decreed to be the sole owner of said mining claims. Another purpose of the action was to require the said George F. Bartlett to execute to this plaintiff, Largey, a deed for an undivided one-half interest in all of the property described in the complaint, to wit, the two mining claims hereinbefore referred to; and for further relief.

The complaint alleges that on September 11, 1891, George F. Bartlett, the first defendant named herein, was the owner of two certain mining claims in Missoula county, known as the "Hardfoot" and "Razor Back" claims; that prior to September 11, 1891, Largey and George F. Bartlett made a written agreement, by the terms of which George F. Bartlett agreed, upon the performance of certain conditions, to be performed upon the part of Largey, to deed to Largey an undivided one-half interest in and to the said Razor Back and Hardfoot mining claims. Largey alleges the full performance of the conditions of the agreement on or before the said September 11, 1891. It is also alleged that J. H. Bartlett, the second defendant named was on September 11, 1891, and prior thereto in the employ of plaintiff, Largey, and the defendant George F. Bartlett, in making a survey of the Razor Back and Hardfoot lode claims preparatory to making application for a patent to said mining claims; that while the said J. H. Bartlett was so employed on said date he posted on said mining claims notices of amended location in the name of the defendant George F. Bartlett, and that within twenty days thereafter said George F. Bartlett verified said amended location notices, and duly filed them for record; that between the time when the location notices were posted upon the Razor Back and Hardfoot lodes and the time when the said notices of location were verified and recorded the said J. H. Bartlett returned to the mining claims, and erased the name of George F. Bartlett from said amended notices, and wrote in lieu thereof the name of Harriet A. Bartlett, his wife, as locator and claimant, and afterwards recorded the notices of location of said mining claims, changing the name of Hardfoot to Hazel, and that of Razor Back to Autocrat, and named his wife, Harriet, as locator and claimant.

It is also alleged that on February 18, 1892, Harriet A. Bartlett commenced the action referred to in the district court of the Fourth judicial district against George F. Bartlett, her brother-in-law, to obtain a decree of said court adjudging her to be the owner of said mining claims; that there was fraud

and collusion between J. H. Bartlett, Harriet A. Bartlett and George F. Bartlett in the commencement and prosecution of said action and in the entry of judgment in favor of said Harriet A. Bartlett against George F. Bartlett, and that said fraud and collusion were for the purpose of cheating and defrauding this plaintiff out of his half interest in and to said mining claims; that plaintiff, Largey, had no knowledge of said suit of Harriet A. Bartlett against George F. Bartlett, and that the said J. H. Bartlett and Harriet A. Bartlett had knowledge of the fact that plaintiff was the owner of an undivided one-half interest in all of said property, and entitled to a deed from the said George F. Bartlett therefor.

The defendant George F. Bartlett, by separate answer, pleads that prior to September 11, 1891, he believed himself the owner of the Hardfoot and Razor Back mining claims, but about that date was informed and advised that his title to the same was invalid. He denies that J. H. Bartlett was in his employ, except as a helper to the surveyor employed to survey the mining claims; denies the collusion and fraud alleged, and all acts in furtherance thereof, and alleges that upon learning of the relocation of said mining claims he informed plaintiff, Largey, thereof, but that plaintiff refused to take steps to protect his or George F. Bartlett's interests therein, and that, if any such steps were taken, it must be done without plaintiff's assistance; denies that plaintiff has ever performed the covenants and agreements entered into, or that he was entitled to a deed for any interest in the mining claims mentioned.

J. H. Bartlett and Harriet A., his wife, jointly answered, denying that George F. Bartlett was on September 11, 1891, or at any time, the owner of the mining claims described in the complaint; denying that J. H. Bartlett was ever in the employ of the plaintiff, or that he was for a long time prior to September 11, 1891, in the employ of George F. Bartlett, but averring that for a few days prior to that date J. H. Bartlett, at the request of his brother, George F., assisted a surveyor employed by George F. to survey the mining claims described

in the complaint. They also deny that J. H. Bartlett ever posted any notices of amended location in the name of George F. Bartlett, or notices such as are described in the complaint, and aver that the only notices posted by J. H. Bartlett were notices in which Harriet A. Bartlett appeared as locator; deny that at the time of the posting the notices of location J. H. Bartlett was the agent of George F. Bartlett or of the plaintiff, Largey, or in their employ; deny that J. H. Bartlett erased the name of George F. Bartlett from any location notice, or that he ever posted any notice with the name of George F. Bartlett appearing thereon; deny all collusion alleged, and allege that plaintiff had notice of the commencement of the suit by Harriet A. Bartlett against J. H. Bartlett, and that he abandoned the ground; deny that they had any knowledge of the transaction between George F. Bartlett and the plaintiff, or that plaintiff was at any time the owner of any part of the property mentioned; deny "on information and belief that the Hardfoot and Razor Back claims ever had any existence."

The plaintiff filed a replication denying abandonment and the averments of George F. Bartlett's answer to the effect that plaintiff refused to take any steps to protect his interest in the mining ground mentioned.

The case was tried to the court without a jury. The court made special findings, which may be stated, in substance, as follows :

(1) That George F. Bartlett, on September 26, 1890, was the owner of an undivided one-third interest in the Hardfoot lode, and of an undivided nine-tenths interest of the Razor Back lode.

(2) That on the 26th day of September said George F. Bartlett agreed in writing with the plaintiff, Largey, whereby, in consideration of the said Largey doing certain representation work, and expending certain money towards surveying and patenting of said lode claim, the said Bartlett agreed to convey to Largey an interest in the same, the interest in part to depend upon the success of the said Bartlett's efforts to ob-

tain the whole title of the said claim as contemplated by said agreement.

(3) That in pursuance of said agreement said George F. Bartlett had on July 16, 1891, procured the entire legal title to both said claims.

(4) That on the 11th day of September, 1891, Wilson, Cameron, and J. H. Bartlett, were in the employ of the plaintiff and George F. Bartlett for the purpose of surveying the said lode claims and doing whatever else might be necessary or proper to be done to enable the said Largey and George F. Bartlett to obtain patents, and in pursuance of said employment the said Wilson, Cameron, and J. H. Bartlett proceeded to make an amended location of said claims, by making a discovery valid in law, and by posting notice of location thereon on September 11, 1891.

(5) That on the 16th day of September. 1891, George F. Bartlett adopted and ratified the acts of the said Wilson, Cameron, and J. H. Bartlett, and made oath to the notices of amended location, and caused the same to be recorded on September 18, 1891, each of the said notices containing the name of the locator, George F. Bartlett, the date of location, and a reference to a natural object sufficient to identify the claim.

(6) That on February 4, 1892, the plaintiff had complied with all the covenants, promises, and agreements contained in the said written contract to be by him performed, and was entitled to a conveyance from George F. Bartlett of an undivided one-half interest in each of said claims.

(7) That on September 11, 1891, J. H. Bartlett, while employed by George F. Bartlett and the plaintiff, and purporting to act for his wife, Harriet A. Bartlett, fraudulently obliterated the name "Hardfoot" from the posted notice. on the Hardfoot lode, and wrote instead the word "Hazel" as the name of the claim, and on the same day fraudulently obliterated the name "Razor Back" from the notice on the Razor Back claim, and wrote instead the word "Autocrat."

(8) That on and prior to September 10, 1891, J. H. Bartlett had actual notice of the contract existing between George

F. Bartlett and the plaintiff, whereby George F. Bartlett had agreed to convey to plaintiff a one-half interest in and to the Hardfoot and Razor Back claims.

(9) That prior to September 11, 1891, Harriet A. Bartlett also had notice of said contract.

(10) That on or about September 14, 1891, Harriet A. Bartlett made record of notice of location of the so-called "Hazel" and "Autocrat" claims.

(11) That about September 11, 1891, George F. Bartlett made a deed purporting to convey all his interest in the Hardfoot and Razor Back lodes to Harriet A. Bartlett.

(12) That Harriet A. Bartlett took the deeds with actual notice of the contract between the plaintiff and George F. Bartlett.

(13) That on the 18th day of February, 1892, Harriet A. Bartlett commenced suit against George F. Bartlett to quiet her title in the Hazel and Autocrat lodes as against George F. Bartlett's title to the Hardfoot and Razor Back lodes.

(14) That by prearrangement and collusion with Harriet Bartlett and her attorney, C. M. Sawyer, George F. Bartlett appeared in court in person on February 23, 1882, entered his appearance, declined to answer, waived trial by jury, and consented that the trial might proceed; that said suit was fraudulent in its inception, and intended by the parties to be used for the purpose of defrauding plaintiff, Largey, out of his interest in the Hardfoot and Razor Back claims.

(15) That afterwards, on February 23d, the court entered a judgment in favor of Harriet Bartlett and against George F. Bartlett, awarding her possession of the mining claims described as the "Hazel" and "Autocrat" lodes.

From the findings, as conclusions of law, the court found:

(1) That on September 10, 1891, plaintiff was an equitable owner of an undivided one-half interest in the mining claims, and was entitled to conveyance of the legal title on February 4, 1892.

(2) That the deed of George F. Bartlett to Harriet Bartlett was void as against plaintiff Largey.

(3) That the judgment in the case of *Harriet A. Bartlett* v. *George F. Bartlett* was void as against the right and title of the plaintiff to an undivided one-half interest in the Hardfoot and Razor Back claims.

(4) That plaintiff is entitled to a decree adjudging the deed to be void so far as the same might affect the title of the plaintiff to a one-half interest in the said claims; that the judgment for Harriet Bartlett against George F. Bartlett be vacated and set aside so far as it affected plaintiff's rights; and that she, and others acting with her, be enjoined from using the said judgment as against the said plaintiff or his said title to an undivided one-half interest to the said claims; and that George F. Bartlett be required to execute to the plaintiff a deed for the said one-half interest in the said claims; and that upon delivery of such deed plaintiff credit, and cause the Butte Hardware Company to credit, on the judgment of the Butte Hardware Company against J. H. Bartlett, the sum of $350; and that the title of plaintiff, Largey, to an undivided one-half interest in the said claims be quieted as against all claims of the defendants, and each of them.

A decree was entered in conformity with the findings of the court. The defendants moved to set aside the findings and conclusions, and also moved for a new trial upon the grounds of insufficiency of evidence to support the decisions and findings of the court, and errors of law. The court overruled this motion and defendants appeal.

*Chas. O'Donnell, Bickford, Stiff & Hershey* and *C. M. Sawyer,* for Appellants.

There were no location notices posted on the Hardfoot and Razor Back claims by George F. Bartlett nor by any one for him at the time when an effort was made to file an amended location notice for each of said claims. They were not properly located. The law had not been complied with. The title of George F. Bartlett had never attached to the land, and he was never in a position when he could have given Largey a

deed even to a possessory right to the ground.    Respondent is
charged with notices of the defect in George F. Bartlett's
title at the time when the alleged agreement was made and
cannot now be heard to.complain because he did not receive
from Bartlett that which he knew Bartlett could not convey
to him.    The respondent is not entitled to the specific per-
formance of the contract between himself and George F.
Bartlett, because it is impossible to perform it, and because
it was beyond the power of the obligor to perform that
part which called for a conveyance of one-half interest in the
mining claims, known as the Razor Back and Hardfoot.
Again, George F. Bartlett had no right or authority to agree
with respondent that the judgment against J. H. Bartlett
should be credited with any sum of money, or to make any
arrangement whereby the rights or responsibilities of J. H.
Bartlett should be changed.    This act of crediting the judg-
ment with the sum of three hundred and fifty dollars ($350)
seems to be the consideration upon which the arrangement
rests, and George F. Bartlett having no right to do the act
agreed to be done by him, the contract is against law.    The
agreement between George F. Bartlett and P. A. Largey had
never been filed or recorded, and Harriet A. Bartlett is not
bound by the agreement.    (§ 379 Code Civil Procedure.)
It is not shown that George F. Bartlett was on the ground
in controversy on the 11th day of September, 1891, and it
is not shown that he had authorized any person whomsoever
to locate any ground for him.    One cannot become the agent
of another except by his authority express or implied.    (*Mc-
Goldrick* v. *Willits*, 52 New York, 612; *Bercich* v. *Marye*, 9
Nev. 312.)    The relation of principal and agent cannot be
established by evidence of dealings between agent and a third
person.    If the alleged principal has neither authorized nor
ratified his acts but which acts are expressly repudiated the
testimony of such transactions is irrelevant.    (*North* v. *Meltz*,
57 Mich. 612.)    Plaintiff was endeavoring to attack the va-
lidity of the judgment in the case of *Bartlett* v. *Bartlett*, on
the ground of fraud, and at the same time enforce the specific

performance of a contract for the conveying to him of a one-half interest in the mining ground claimed by him. It was a collateral attack upon the judgment, and judgments cannot be so attacked. (*Vantilburgh* v. *Black*, 2 Mont. 371; *Wells F. & Co.* v. *Clarkson*, 5 Mont. 336; *Edgerton* v. *Edgerton*, 12 Mont. 122; *Morraw* v. *Moran*, 5 Wash. 692.)

*F. T. McBride*, for Respondent.

George F. Bartlett having entered into a contract with plaintiff that he would convey to plaintiff one-half of the Razor Back and one-half of the Hardfoot lode claims upon plaintiff expending certain money in improving and surveying the same and plaintiff having performed his part of the contract is estopped from denying that any such claims ever existed and the other parties defendant are in no better position. (Bigelow on Estopp., pp. 573 and 578; *Gebhart* v. *Reeves*, 75 Ill. 301; *Welch* v. *Bellville Savings Bank*, 94 Ill. 191.) Harriet Bartlett cannot claim to be a *bona fide* purchaser for the reason that her agent, J. H. Bartlett, by whom all her business in reference to the property in controversy in this suit has been conducted at all times had notice of Largey's claim and interest in the property. Notice to the agent is notice to the principal. (1 Am. & Eng. Ency. 419; *Bryant* v. *Bary*, 55 Geo. 438; 22 Am. & Eng. Ency. 935.) If an agent has notice at the time of his purchase for his principal of the equitable right of another, and of the claim of the latter to have previously purchased the subject of the sale, this will be notice to the principal. (*Whitney* v. *Burr*, 115 Ill. 289; *Bryant* v. *Bary*, 55 Geo. 438.) He who takes with notice of an equity, takes subject to the equity. Notice is not necessarily positive information brought directly home, but any fact that would put an ordinarily prudent man on inquiry, and a party will be as absolutely bound by notice given to his agent as if it was given to himself personally. (*Meir* v. *Blume*, 80 Mo. 179; *Williamson* v. *Brown*, 15 N. Y. 354; *Scott* v. *Umbarger*, 41 Cal. 410; Pomeroy Eq. Jur., Secs. 595–597.) A grantee taking property under a quit-claim deed

is presumed to have notice of equity and is not a *bona fide* purchaser. (Pomeroy Eq. Jur., Sec. 753, p. 212, note 1, cases cited; *May* v. *LeClare*, 11 Wall. 217–232; *Dickerson* v. *Colgrove*, 100 U. S. 584.) Plaintiff's attack upon the judgment of *Bartlett* v. *Bartlett*, is not a collateral attack in any sense of the word. It is a direct proceeding to set the judgment aside. The judgment was procured through collusion and fraud on the part of G. F. Bartlett and the representatives and agents of Harriet Bartlett, and for such fraud should be set aside by a court of equity for the purpose of granting relief to the injured party in the case at bar. (Freeman on Judgments, §§ 486, 489 and notes; 1 Black on Judgments, § 321.) Collusion being one of the forms in which fraudulent designs are frequently pursued, vitiates all judgments into which it enters, and the person against whom it is employed may find relief in equity. (Freeman on Jud., Sec. 489, page 528; *Hardy* v. *Broaddus*, 35 Tex. 668; *Mayberry* v. *McClurg*, 51 Mo. 256.) Equity will not permit J. H. Bartlett, to make use of knowledge obtained through his position to defeat the titles he was employed to protect. The highest degree of faithfulness in action and responsibility for misconduct is exacted of one who occupies a fiduciary relation towards another. (*Rockford R. R. Co.* v. *Boody*, 56 N. Y. 461; *Butts* v. *Woods*, 37 N. Y. 317; *Coleman* v. *Second Av. R. R. Co.*, 38 N. Y. 201; *Mosely* v. *Lane*, 62 Am. Dec. 752.) No man can hold a benefit acquired by fraud or a breach of his duty. All the knowledge of the agent belongs to the principal for whom he acts, and if the agent use it for his own benefit he will become a trustee for his principal. (Perry on Trusts, Vol. 1, Sec. 206, 3rd Ed.; *Ringo* v. *Binns*, 10 Pet. 269; *Follansby* v. *Killbreth*, 65 Am. Dec. 691; *Chorpenning's Appeal*, 72 Am. Dec. 789; 2 Pom. Eq. 627.) A party will not be permitted to purchase property to hold for his own benefit when he has a duty to perform in relation thereto which is inconsistent with his character as a purchaser on his own account. (*King* v. *Remington*, 29 N. W. 358.) If an agent locates land for himself which he ought to locate for his prin-

cipal, he is in equity a trustee for his principal. (*Felix* v.
*Patrick*, 145 U. S. 327–328; *Massie* v. *Watts*, 6 Cranch
148–168; *Widdicombe* v. *Childers*, 124 U. S. 400; *Brush* v.
*Ware*, 15 Pet. 93; *Stark* v. *Storrs*, 6 Wall. 402–419; *Meader*
v. *Norton*, 11 Wall. 442–458.)

HUNT, J.—The appellants contend that the evidence was
insufficient to justify the findings and decision of the court.
We will not state the testimony at length.    An attentive ex-
amination of the record satisfies us that the decided weight of
evidence was upon respondent's side, and that every material
fact found by the court was amply sustained.

It is argued that the notices of location of the Razor Back
and Hardfoot lode claims were invalid, and that George F.
Bartlett was not the owner of said claims.    But George F.
Bartlett and the other defendants are in no position to say that
said mining claims "never existed."    George F. Bartlett had
entered into a valid agreement with plaintiff, Largey, that he
would convey to Largey a half interest in and to the Razor
Back and Hardfoot claims upon the performance of certain
conditions by Largey, by which, among other things, Largey
was to expend money in improving and surveying said mining
claims.    Largey faithfully performed his part of the contract
by expending large sums upon the claims, and Bartlett, having
received the full benefit of the agreement, ought not to be
heard in this suit to deny the existence of the claims or the
validity of his own title to them. (*Collins* v. *Tillou*, 26 Conn.
368.)

To cure possible defects in the original notices of location,
amended notices of location of said mining claims were made
out and delivered by the surveyor to defendant J. H. Bart-
lett, George F. Bartlett's brother, to post at the discovery
shafts of the Razor Back and Hardfoot lode claims; and, as
the findings show, said Bartlett proceeded to post said notices
on said claims September 11, 1891.    J. H. Bartlett was at
that time the trusted agent and employe of George F. Bart-
lett · and this plaintiff, Largey, to assist the surveyor in

matters precedent to securing patents.  J. H. Bartlett cannot, therefore, by availing himself of knowledge obtained while in such capacity defeat this plaintiff's rights, and profit by his violation of the confidence reposed in him.  As against plaintiff Largey, the attempt of J. H. Bartlett to relocate the claims under different names and in his wife's name, after agreeing to post,' and posting, amended notices in his brother's name, and for plaintiff's and his brother's benefit, was null and void.  Having been sent to the claims as a representative and trusted agent of the plaintiff, having pointed out to the surveyor where the claims were, and having full knowledge of the contract relation existing between Largey and George F. Bartlett, his conduct in so changing the name of the locator after the surveyor had left was a gross violation of that common honesty which is due by every trusted agent to his employer and principal.  Equity will therefore afford him no relief.

Nor can Harriet Bartlett, claiming that her husband was her agent, profit by the wrongdoing of her husband in attempting to locate the Hazel and Autocrat claims.  At the time of the obliteration by him of the name of his brother, George F. Bartlett, as locator under the amended notices of location of the Hardfoot and Razor Back claims, J. H. Bartlett had notice of Largey's claim and interest in the property, and was their agent.  The use of his wife's name was simply a fraud against his principals.  It cannot avail him or her as against this plaintiff. (*Hancock* v. *Gomez*, 58 Barb. 490; Mechem on Agents, § 454 *et seq.*)

The subsequent suit of Harriet Bartlett against George F. Bartlett to quiet her title to the Hazel and Autocrat lode claims as against George F. Bartlett's title to the Hardfoot and Razor Back lodes was also collusive, and clearly instituted for the purpose of defrauding this plaintiff out of his interest in the latter lodes.

The court found that George F. Bartlett was a party to this fraud.  He had just previously made oath to the amended locations of the Hardfoot and Razor Back claims, thus reaffirm-

ing his title to said claims. His appearance in court in the suit to quiet title, his refusal to file an answer, his consent to enter his appearance in said case, his waiver of trial by jury, and consent that the cause might proceed, are evidences of collusion and prearrangement between himself and Harriet Bartlett to divest plaintiff of his interest in the mining claims. The deed, too, from George F. Bartlett, executed about December 10, 1891, purporting to convey to his sister-in-law, Harriet Bartlett, all his interest in the Hardfoot and Razor Back lodes, having been made for the fraudulent purpose of defeating plaintiff's rights, and having been taken with notice of plaintiff's rights, as found by the court, was and is void as against this plaintiff's interest.

The whole case sustains the findings and conclusions of the trial court that the deeds and judgment referred to were given and obtained " for the purpose of defrauding P. A. Largey out of his interest in the said Hardfoot and Razor Back lodes.''

Plaintiff directly assails the judgment in favor of Harriet Bartlett. This he may do upon the grounds alleged. (Freeman on Judgments, § 486 *et seq.*)

The questions of misjoinder of parties, and that several actions have been improperly united, are not properly presented by the record. The demurrer was not specific. Besides, an answer was filed after the overruling of the demurrer. (*Fultz* v. *Walters*, 2 Mont. 165; *Haverstick* v. *Trudel*, 51 Cal. 431; Boone on Code Pl., § 52; *Garver* v. *Lynde*, 7 Mont. 110; *Barber* v. *Briscoe*, 8 Mont. 214.)

We find no errors in the rulings of the court upon the admission or rejection of testimony which prejudiced appellants' substantial rights.

Largey having performed all the conditions of his agreement, and having expressed his willingness to cause the Butte Hardware Company to credit on the judgment of the Butte Hardware Company against J. H. Bartlett the sum of $350, plaintiff was entitled to the relief asked in his complaint.

The court had jurisdiction to enter the decree declaring the

judgment of Harriet Bartlett against George F. Bartlett void as against plaintiff, and declaring void the deeds made by George F. Bartlett to Harriet A. Bartlett as against plaintiff's rights and interests in and to the Razor Back and Hardfoot lodes, and decreeing that George F. Bartlett make a deed to Largey for an undivided one-half interest in and to the said mining claims, and quieting plaintiff's title to his interest in said claims as against these defendants.

Several other errors are assigned, but none of them are well taken. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.　DE WITT, J., not sitting.

