O'Neill v. Otero, Master.

[No. 1324, September 1, 1910.]

MICHAEL O'NEILL, Appellant, v. F. J. OTERO, Special Master, Appellee.

SYLLABUS (BY THE COURT.)

1. The attempt of an agent employed to do the annual assessment work on a mining claim, after failure or intentional neglect to do such work, to relocate the claim even though such attempted relocation is made in the name of a third party from whom the agent subsequently obtains title by deed, is fraud upon his principal.

2. One who takes advantage of his position as agent and representative of another and thereby fraudulently obtains title to certain mining claims which in equity and good conscience belong to his principal, will be charged in equity as a trustee ex maleficio of his principal.

Appeal from the District Court for Santa Fe County before JOHN R. MCFIE, Associate Justice. Affirmed.

HANNA & WILSON and N. B. LAUGHLIN for Appellant.

The claims were open for relocation. Rev. St. U. S., sec. 2324; Saunders et al, v. Mackey, 6 Pac., Mont., 361; Doherty v. Morris, 16 Pac., Colo., 911; Lockhart v. Wills, 54 Pac., N. M., 336; Book et al, v. Justice Mining Co., 58 Fed. 106; Belk v. Meagher et al, 104 U. S. 279; Oscamp v. Crystal River M. Co., 58 Fed. 293; Book v. Justice Mining Co., 58 Fed. 106.

If the defendant below, as receiver, was in possession of the property, then the plaintiff had an adequate remedy at law in the form of an ejectment. The Lebanon Mining Co. v. The Con. Rep. M. Co., 6 Colo. 371; Sears v. Taylor, 4 Colo. 38.

Appellant was not a trustee under a constructive trust. 1 Parsons on Contracts 427.

A witness should be permitted to explain the circumstances under which the affidavit was made. Matter of Blain, 16 Daly, N. Y., 540, 16 N. Y. Sup. 874, 879; Perry v. Perry, 2 Bard Ch., N. Y. 285, 288; 2 Moore on Facts, 1106, 1107; Coker v. Dawkins, 20 Fla. 141; Anderson v. Collins, 6 Ala. 783; Muller v. Legendre, La., 17 South. 500.

Fraud must be proven by the preponderance of the evidence. Means v. Flanagan, 79 Ill. App. 246; State Sav. Bank of Missouri Valley v. Emge, Iowa, 108 N. W. 530; Hutchinson v. Poyer, 44 N. W. 327, 79 Mich. 337; Redwood v. Rogers, 53 S. E. 6, Va.; Bowe v. Gage, 106 N. W. 1074, 127 Wis. 245.

Appellant at most was nothing more than an independent contractor. Powell v. Virginia Const. Co., 88 Tenn., 13 S. W. 691; Harris v. McNamara, 97 Ala. 181, 12 So. 103; Barg v. Bonsfield, 65 Minn. 355, 68 N. W. 45; Burns v. McDonald, 57 Mo. App. 599; Casement v. Brown, 148 U. S. 615; Indiana Iron Co. v. Craig, 19 Ind. App. 565, 48 N. E. 803, 807.

Confidential and fiduciary relation. Robins v. Hope,

O'Neill v. Otero, Master.

57 Cal. 493, 497; Story Eq. Jr. 218; McDermott Mining Co. v. McDermott, 69 Pac. 715.

Fraud in securing the property is the essential element, to impose a constructive trust. Crissman v. Keester, 223 Ill. 69, 79 N. E. 58; Scribner v. Meade, Ariz., 85 Pac. 477; Davis v. Davis, Pa., 65 A. 622.

It has been repeatedly held that to show a constructive trust, the proof must be clear and convincing. Schrough v. Anthes, Neb., 98 N. W. 676.

E. W. Dobson for Appellee.

A fiduciary relationship existed. I Lindley on Mines, 1 ed., sec. 407; Argentine Mining Co. v. Benedict, 18 Utah 183, 55 Pac. 560; Largey v. Bartlett, Mont., 44 Pac. 962, syllabus; Lockhart v. Rollins, 21 Pac. 413; Utah Min. and Man. Co. v. Dickert & Myers Sulphur Co., 21 Pac. 1002; Moore v. Crawford, 130 U. S. 122, 32 Law ed. 878; Butler v. Watkins, 13 Wall. 456, 20 L. ed. 629; Angle v. Chicago St. P. M. & O. R. Co., 151 U. S. 1; Lockhart v. Leeds, 195 U. S. 427, 49 Law ed. 263; Sanders v. Mackey, 5 Mont. 523, 6 Pac. 361; Dougherty v. Morris, 11 Colo. 16 Pac. 911; Lincoln v. Sierra Gold Mining Company, 25 Fed. 337; Wilson v. Castro, 31 Cal. 420; Salmon v. Symonds, 30 Cal. 301; Bludworth v. Lake, 33 Cal. 256; Hardy v. Hardin, 4 Sawy. 549; Hunt v. Patchin, 35 Fed. 816; Fisher v. Bishop, 2 Am. St. Rep. 257, syllabus.

Ejectment. Lockhart v. Johnson, 181 U. S. 561, L. ed., 45, 979.

## STATEMENT OF THE CASE.

On the 6th day of April, 1909, appellant filed suit against F. J. Otero, as special master, and alleged that on the 1st day of January, 1908, in the County of Santa Fe, one Joseph DeLallo, a naturalized citizen of the United States discovered and located certain mineral lands in the Los Cerrillos Mining District, Santa Fe County, New Mexico, under the name of the "Square Deal," "York," "Gold Coin" and "Zinc Blend." The complaint then sets

forth the amount and character of work done upon said four mining claims.

That on the 16th day of March, 1909, Joseph DeLallo, as locator of said mining claims, conveyed the same to Michael O'Neill, the appellant in this cause. The complaint then alleges that F. J. Otero, special master and appellee, was on the 7th day of January, 1909, appointed special master in a certain cause then pending in the District Court for Santa Fe County, wherein Thomas K. D. Maddison was plaintiff and the Consolidated Mining & Smelting Company was defendant and as such special master, appellee was authorized to sell at public auction certain lands, mining claims and premises belonging to the defendant corporation, the Consolidated Mining & Smelting Company, and among the property which said special master was directed to sell were the following mining claims: "Tom Paine," "Golden Eagle," "Sukie," "Sukie, Jr.," "Albany" and "Santiago" mining claims also situate in the Los Cerrillos Mining District in said County of Santa Fe; that said six mining claims were valid and existing mining claims containing an area of 300 to 1500 feet surface ground and had been located many years prior thereto; said complaint then alleges that during the year 1907, the annual assessment work or the expenditure of $100 upon each of said mining claims was not done or performed, and by reason of such failure to cause to be done $100 worth of work, the said six mining claims, last above mentioned, became and were abandoned and forfeited and reverted to the United States, and on the 1st day of January became a part of the public unoccupied mineral lands and subject to location by any person or persons qualified under the mining laws to locate mining claims, and that the said Joseph DeLallo located the ground covered by the six mining claims, last above mentioned, in the names of the "Square Deal," "York," "Gold Coin" and "Zinc Blend" mining claims, each of said claims containing an area of 600 by 1500 feet surface ground.

It was further alleged that the said four claims, last above mentioned, covered practically the surface ground that was covered and claimed under the six mining claims,

owned and claimed by the Consolidated Mining & Smelting Company. Said plaintiff further alleged that the said F. J. Otero, as special master, had advertised said six mining claims, together with other property for sale at public auction, under and by virtue of a decree rendered in said cause wherein said appellee was appointed special master; said sale was advertised to take place on the 14th day of April, 1909, at the front door of the court house in Santa Fe County, New Mexico. The plaintiff and appellant prayed for an injunction enjoining and restraining said F. J. Otero, as such special master, from offering for sale and from selling the said six mining claims and from in any manner interfering with or disturbing appellant in his quiet and peaceable possession of said premises, under and by virtue of the location thereof made by the said Joseph DeLallo, who had conveyed the same to Michael ONeill, appellant, by deed March 16, 1908.

Attached to the complaint is a copy of the location notices filed by DeLallo and the deed from DeLallo to appellant. Upon the filing of said complaint, a temporary writ of injunction was issued and made returnable on the 12th day of April, 1909.

The defendant and appellee filed an answer to said complaint on the 10th day of April, 1909, and denied each and every material allegation in said complaint alleged with reference to the location of said premises by Joseph DeLallo and denied that the annual assessment work upon said six mining claims, owned by the Consolidated Mining & Smelting Company, had not been done and performed for the year 1907, and denied that the said ground was on the 1st day of January, 1908, subject to location or that the said corporation had forfeited or abandoned said mining claims.

The appellee admitted that he was appointed special master in that certain suit brought by Thomas K. D. Maddison, as plaintiff, against the Consolidated Mining & Smelting Company, as defendant, and alleged that under and by virtue of the decree and the order appointing him, he was authorized and directed to sell and dispose of at public auction the property in said decree described which

belonged to the Consolidated Mining & Smelting Company
and further admitted that included in the advertisement
that was then being published in the Santa Fe New Mexi-
can, was the said "Tom Paine," "Golden Eagle," "Sukie,"
"Sukie Jr.," mining claims and also the "Albany" and
"Santiago" mining claims, and defendant denied that the
said six mining claims, above mentioned, were abandoned
by the owner thereof during the year 1907, by failure to
do the annual assessment work required by the laws of the
United States and the Territory of New Mexico, and de-
nied that on the 1st day of January, 1908, the ground cov-
ered by said six mining claims, last above named, was pub-
lic domain and subject to location by any person or per-
sons authorized under the mining laws of the United
States to explore, discover and locate mineral lands; and
said defendant and appellee further denied that the said
Joseph DeLallo did on the 1st day of January, 1908, dis-
cover and locate said four mining claims, called the "Square
Deal," "York," "Gold Coin" and "Zink Blend."

Appellee admitted that he had advertised the said
six mining claims for sale, together with other property,
and that it was his intention to sell the same at public
auction on the 14th day of April, 1909, together with all
improvements thereon. He likewise admitted that if the
said sale took place and the court approved the same, that
he would convey to the purchaser thereof the property de-
scribed in said notice of sale, and said appellee admitted
that unless restrained by the court he would at the time
and place in said notice of publication set forth, sell said
property at public auction. Appellee in his answer further
alleged that the said Michael O'Neill, appellant, in this
cause, had ever since the year 1903, performed or caused
to be performed the annual assessment work of the value
of $100 on each of said six mining claims, owned by the
Consolidated Mining & Smelting Company, including the
year 1907; and further alleged that the said Michael
O'Neill commenced to do the work upon said mining claims
in the month of September, 1907, under and in pursuance
of an agreement made by and between one W. A. Brown,
the agent and representative of the Consolidated Mining

& Smelting Company, with the said Michael O'Neill, and that the said appellant informed the agent of the said Consolidated Mining & Smelting Company on the 27th day of December, 1907, that the annual assessment work upon the said four mining claims had been done and performed for the year 1907, and would be completed on the "Santiago" and "Albany" by the 5th day of January, 1908.

Appellee further alleged that on the 3rd day of January, 1908, he was appointed receiver of all the property belonging to the Consolidated Mining & Smelting Company, under and by virtue of an order made in the case brought by the said Thomas K. D. Maddison, as plaintiff, against the Consolidated Mining & Smelting Company, and as such receiver he duly qualified and took possession of the property belonging to said company and on the 30th day of January, 1908, one W. A. Brown, the agent and representative of appellee, as receiver, in said cause, tendered to the said O'Neill the sum of $200 for and on account of the annual assessment work done for the Albany and Santiago mining claims, and further alleged that appellant in the early part of December, 1907, commenced to do the annual assessment work upon the Santiago and Albany mining claims and if the $100 worth of work had not been completed on the 1st day of January, 1908, that appellant continued to perform the work upon said mining claims, until at least $100 worth of work had been done.

Defendant and appellee further alleged fraud and conspiracy on the part of the said O'Neill and a combination entered into between appellant and DeLallo Bros. and denied that the appellant was entitled to an injunction.

Upon the hearing of the motion to dissolve the temporary injunction, the court continued the injunction until the final hearing of the case and thereafter appellant filed a reply to the answer denying in general all the new matter set up by appellee and especially denied that he had performed any work upon said six mining claims on account of the annual assessment work for the year 1907.

Defendant and appellee was permitted by the court to amend his answer and alleged and charged that appellant, Michael O'Neill, acting as the agent of the Consoli-

dated Mining & Smelting Company, wrongfully, wilfully and fraudulently concealed from said company and its agent and representative W. A. Brown, the fact that the said annual assessment work upon said six mining claims had not been done for the year 1907, and thereafter combined and fraudulently conspired with Thomas DeLallo and Joseph DeLallo, or one or both of them, and procured them to relocate said six mining claims in the names of the "Square Deal," "York," "Gold Coin" and "Zinc Blend" for the purpose of defrauding and defeating the title of said company to the same; and defendant further alleged that the said Michael O'Neill, appellant, in order to wrongfully and fraudulently deceive the said company and its representative, W. A. Brown, falsely represented to said Brown that he had performed the annual assessment work upon said six mining claims, as required by law for the year 1907, and defendant by way of cross complaint alleged that the said Michael O'Neill did on the 5th day of August, 1907, agree to and with W. A. Brown, the agent and representative of the Consolidated Mining & Smelting Company, that he would do the annual assessment work upon said six mining claims for the year 1907, and was to receive the sum of $100 for the work done upon each of said claims, making a total sum of $600, and defendant further alleged that whether or not the said appellant did actually do the annual assessment work upon said six mining claims according to his contract and agreement, that after the 1st day of January, 1908, and after the said Joseph DeLallo had pretended to relocate said six mining claims, the said Michael O'Neill caused to be done at least $100 worth of work upon each of said mining claims owned by the Consolidated Mining & Smelting Company, although he claimed that the work was done on behalf of Joseph DeLallo upon the claims so claimed to have been relocated by him, and defendant alleges that by virtue of the fraud, combination and conspiracy between the said O'Neill and the DeLallo Bros. that the said appellant should be decreed a trustee to have done the work for the use and benefit of the mining company for the year 1907, and the defendant further alleged that the appellant when he acquired title

to said property in March, 1909, by receiving a deed from
Joseph DeLallo, did so with full knowledge of all the equi-
ties and rights of the Consolidated Mining & Smelting
Company in and to the same, and defendant prayed that
the pretended location notices alleged to have been posted
upon said claims by the said Joseph DeLallo on the 1st day
of January, 1908, pretending to locate the same under
said four names, be ordered cancelled and that the deed
from Joseph DeLallo to appellant be likewise cancelled
and held for naught and that appellant be required to quit
claim to the Consolidated Mining & Smelting Company or
to the defendant as receiver any lien, right, title or inter-
est claimed by him, under and by virtue of the said deed
and that he be decreed to be trustee *ex-maleficio* and to hold
whatever title he had in said property for the use and
benefit of the Consolidated Mining & Smelting Company
and for the defendant receiver thereof, and that the work
and labor performed upon said mining claims under the
pretended re-location thereof by the said Joseph DeLallo
be decreed to be done for the use and benefit of said com-
pany or the receiver.

Appellant filed a reply to the amended answer denying
each and every allegation of new matter therein set forth.

At the close of the evidence the court made nineteen
findings of fact and thereafter rendered a decree in accord-
ance with the findings of fact.

Of the said findings two only are necessary to a con-
sideration of this case, as follows:

"That the plaintiff, Michael O'Neill on or about
August 5th, 1907, promised and agreed with the Consoli-
dated Mining & Smelting Company through one W. A.
Brown, its duly authorized agent and representative, to
do and perform the annual assessment work on each of
said six mining claims, amounting to not less than one
hundred dollars ($100.00) upon each of said claims for the
year 1907, and at the time of such promise an agreement
to do said work said plaintiff did not demand payment in
advance or security for the work proposed to be done, and
said plaintiff from time to time thereafter notified said
company, through its agent W. A. Brown, that the work

upon four of said claims was being done, and had been done, and that the work upon the Santiago and Albany claims was being done and prosecuted and such work would be continued until the full amount of assessment work of one hundred dollars ($100.00) had been done upon each of them."

"That the Consolidated Mining and Smelting Company and its agent from past business relations with plaintiff, who did the assessment work upon said mines for several years prior to 1907, relied upon the promise and agreement of the plaintiff to do the assessment work upon all of said six mining claims for said year 1907. That the said Michael O'Neill wrongfully, purposely, intentionally and fraudulently failed to do the work upon the said six claims as he had promised and agreed to do, in order to deceive and defraud said company and thereby prevent said Consolidated Mining and Smelting Company from doing or having the work done upon said claims for the year 1907, and that thereafter said plaintiff entered into a combination and conspiracy with Joseph DeLallo and Thomas DeLallo, either one or both of them, to relocate said mines and actually participated, aided and assisted the said Joseph DeLallo and Thomas DeLallo, or either or both of them, in the relocation of said mining claims, after midnight of the 31st day of December, 1907. That with the assistance and aid of the said plaintiff they pretended to have relocated said claims between midnight and four or five o'clock in the morning of the first day of January, 1908."

Two of the conclusions drawn by the court upon the foregoing findings of fact are also necessary to a determination of this case. They are in words as follows:

"The court further finds that the plaintiff Michael O'Neill having promised and agreed to do the annual assessment work upon said six mining claims for the year 1907 as herein found, occupied a confidential and fiduciary relation with the Consolidated Mining and Smelting Company and that the relocation of said mining claims in the manner in which the court has found whereby plaintiff participated, that any benefits that accrued therefrom

would and should be for the benefit of the owner, the Consolidated Mining and Smelting Company and not the relocator thereof."

"The court therefore finds as a matter of law that the plaintiff by reason of the facts herein found became trustee of said mining claims for the use and benefit of the Consolidated Mining and Smelting Company, the owner of said Tom Payne, Golden Eagle, Sukie, Sukie Jr., Santiago and Albany claims and that any and all work done or performed upon said claims by plaintiff or under his directions prior to December 31, 1907, or after January 1, 1908, whether claimed or pretended to have been done on the said claims as relocated, be decreed to have been done for the use and benefit of the said six mining claims and the said Consolidated Mining and Smelting Company, the owner thereof."

Upon the statements of facts and conclusions of law the court entered a decree dismissing the injunction and granting the defendant the affirmative relief sought in his amended answer by way of cross complaint. From the decree so entered the plaintiff appealed to this court.

### OPINION OF THE COURT.

WRIGHT, J.—Appellant assigns twelve grounds of error, the first ten of which are to the same effect, viz., that the court erred in finding and holding certain facts and conclusions of law set out in its written findings and final decree. The remaining two assignments go respectively to the jurisdiction of the court to try the case without a jury, and the admission of illegal and improper testimony. Upon the hearing, and in the briefs, the appellant abandoned the 11th and 12th assignments of error and therefore the same will not be considered by the court.

1. The third assignment of error sets out that the court erred in finding and holding that the appellant promised and agreed, on or about the 5th day of August, 1907, or at any other time, with the Consolidated Mining and Smelting Company, through its agent, W. A. Brown, or otherwise, to do and perform the annual assessment work upon the six mining claims for the year 1907, and in

finding and holding that the appellant from time to time notified the Consolidated Mining and Smelting Company, through its agent W. A. Brown, or otherwise, that such work was being done, or that any of such work had been done. In discussing this finding of fact the appellant contends that there was no testimony in the record to support such finding, except the testimony of W. A. Brown, the resident agent of the Consolidated Mining and Smelting Company, and further contends that W. A. Brown was a discredited witness before the court and as such, his testimony was not entitled to any weight. This case was tried before the court without a jury and the court had an opportunity to observe the conduct and demeanor of the witness upon the stand and was the judge of the weight to be given to the evidence of such witness as W. A. Brown. The appellant further contends that there is nothing whatever in the record to corroborate the testimony of W. A. Brown.

It appears from the record that upon the trial W. A. Brown, for the purpose of refreshing his memory as to certain dates and circumstances, referred to and read, from his letter press copy book, extracts from certain letters written by him to the officers of the Consolidated Mining and Smelting Company at Erie, Pa. Appellant contends that the very fact that these copies were used instead of the original letters casts suspicion upon such testimony. An examination of the record, however, discloses that counsel for the appellant made *no objection whatever* to the use of such letter press copies, and he cannot be heard to complain of secondary evidence, at this late date. An examination of the record also discloses that the appellant, in March, 1908, went back to Erie, Pa., and entered into negotiations with Mr. Thomas Brown and Mr. Rosenzweig, the president and attorney, respectively, of the Consolidated Mining and Smelting Company, looking to a settlement of certain claims he and DeLallo, who had relocated the six mining claims which are the subject of controversy herein, claimed against the Consolidated Mining and Smelting Company. At such time he made statements to Mr. Brown and Mr. Rosenzweig, as testified to by them by depositions, which are in direct conflict with his testimony given upon

the witness stand, and also, at that time, signed certain instruments introduced in evidence, which are in direct conflict with his testimony given upon the witness stand. The testimony given by Mr. Brown and Mr. Rosenzweig, and the instruments signed by the appellant are directly corroborative of the testimony of W. A. Brown. It therefore appears from a careful examination of the record in this case, that the findings of fact so made by the court are sustained by a clear preponderance of the evidence.

2. The appellant also took an exception to the finding of fact by the court that the appellant wrongfully, intentionally and fraudulently neglected to do the work on said six claims as he had promised and agreed, with the intention of deceiving and defrauding said company, and that thereafter the plaintiff entered into a combination and conspiracy with Joseph and Thomas DeLallo to relocate said mines and actually participated, aided and assisted the said Joseph DeLallo and Thomas DeLallo in the relocation of said mining claims after midnight of the 31st day of December, 1907, thereby fraudulently securing to himself, through a subsequent transfer of title made to him by DeLallo in March, 1908, the said six mining claims formerly owned by the Consolidated Mining & Smelting Company.

In considering this finding the appellant contended that there was no direct evidence whatever in the record upon which such finding could be based; that the court based his finding solely upon suspicion and inference. Upon examining the record, however, we are unable to come to any such conclusion. The testimony of both Thomas and Joseph DeLallo and that of the appellant relating to the circumstances surrounding the relocation made after midnight of December 31, 1907, clearly indicate that such relocation was made in fraud of the rights of the Consolidated Mining and Smelting Company by the appellant and the two DeLallos working together. The subsequent actions of the appellant, O'Neill at Erie, in the presence of Thomas Brown and Mr. Rosenzweig fully corroborate such a finding so made by the court.

3. The findings of fact by the court being fully sus-

tained by a clear preponderance of the evidence, there remains to be considered the question of whether or not the conclusions of law based thereon are correct.

By reason of his contract and agreement made August 5, 1907, to do the annual assessment work upon the six mining locations involved herein, the appellant became the agent of the Consolidated Mining and Smelting Company for that purpose. An examination of the record discloses the fact that for a number of years prior to 1907, O'Neill had been regularly employed to do this assessment work; that at the time he so conspired with the DeLallos in the relocation of said mining claims he was residing in a house belonging to the Consolidated Mining and Smelting Company upon one of the claims so relocated. It further appears that during the years prior to 1907 the company had placed implicit confidence in O'Neill and relied upon him to do the assessment work. The evidence further shows pears that during the years 1903 to 1906 inclusive O'Neill had faithfully attended to the assessment work and had been paid therefor.

In Vol. 1, Lindley on Mines (1st ed.) Sec. 407, it is held: "An agent, trustee or other person holding confidential relations with the original locator will not be permitted to relocate mining claims and secure to themselves advantages flowing from a breach of trust obligations."

This doctrine is sustained in the case of Argentine Mining Company v. Benedict, 18 Utah 183, 55 Pac. 560; Lockhart v. Leeds, 195 U. S. 427; Lakin v. Sierra Buttes Gold Mining Co., 25 Fed. 337; Lockhart v. Rollins, 2 Idaho 503, 514, 21 Pac. 413; Largey v. Bartlett, 18 Mont. 265, 44 Pac. 962; Fisher v. Seymour, 23 Colo. 542, 49 Pac. 30.

It therefore follows that the appellant having taken advantage of his position as agent and representative of the Consolidated Mining and Smelting Company and thereby fraudulently obtained title to the said mining claims, which in equity and good conscience belong to the Consolidated Mining and Smelting Company, he will be charged in equity as a trustee of the Consolidated Mining and Smelting Company, the equitable owner there-

of.   Lakin v. Sierra Buttes Gold Min. Co., cited *supra.*
Hunt v. Patchin, 35 Fed. 816.

The attorney for the appellant in his brief contends
that the mere fact that the appellant agreed to do the an-
nual assessment work upon these mining claims for the year
1907, created no such confidential or fiduciary relationship
as is contended for by the appellee.   However, we think
that it is clearly settled by the courts that the agreement
made by the appellant with the Consolidated Mining and
Smelting Company under the circumstances under which
the same was made, clearly indicates that such a fiduciary
relationship did exist.

We conclude, therefore, that the findings of fact made
by the trial court are clearly sustained by the preponder-
ance of evidence and that the conclusions of law drawn
therefrom by the court are correct.

There being no error apparent in the record, the judg-
ment of the lower court is affirmed, and it is so ordered.