## MOORE v. MOORE.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

### No. 802.

1. APPEAL—ASSIGNMENT OF ERRORS—ABSENCE OF FILE MARK.
    Where an assignment of errors found in the record on appeal recites that the appellant "presents this assignment of errors, together with his petition for appeal," and the petition for appeal, which was allowed and filed by the clerk, also refers to the assignment of errors as presented and filed therewith, it will be presumed that such assignment was presented to the court and lodged with the clerk, and the appeal will not be dismissed because it does not bear the clerk's file mark.

2. SAME—REVIEW—FINDINGS OF FACT.
    Findings of fact made by the trial court on conflicting evidence will not be reviewed on appeal unless obviously opposed to the weight of the evidence.

3. TRUSTS—HOLDING TITLE TO LAND FOR ANOTHER — CONTRACT BETWEEN TRUSTEE AND CESTUI QUE TRUST.
    The location of public land in the name of one person for the joint use and benefit of himself and another, where both selected the land and occupied it and expended money in its improvement, creates a trust in respect to the land, and a contract between the trustee of the title and his cestui que trust, by which the latter relinquishes his right in the land, will not be sustained unless it affirmatively appears to be fair and just.

Appeal from the District Court of the United States for the First Division of the District of Alaska.

Arthur K. Delaney, R. W. Jennings, and George H. Pippy (L. P. Shackleford, of counsel), for appellant.

Lorenzo S. B. Sawyer and Crews & Hellenthal, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. A motion is made to dismiss the appeal upon the ground, first, that no assignment of errors was filed in the court below; and, second, that the paper which appears in the record as an assignment of errors does not comply with the requirements of rule 11 of this court. An assignment of errors is found in the record, but there is no indorsement of a file mark thereon by the clerk. It begins with the recital, however, that the appellant "presents this assignment of errors together with his petition for appeal." The last paragraph of the petition for appeal recites that the appellant "doth herewith present and file his assignment of errors together with the bond on appeal." The petition was filed on January 27, 1902, and on the same date an order was made that the appeal be allowed as prayed for. From these facts it is sufficiently evident that the assignment of errors and the petition for appeal were presented to the court on the same date, and were lodged with the clerk thereof. In the ab-

121 F.—47

sence of a showing to the contrary, it will be presumed that such was the case. The failure of the clerk to indorse the assignment of errors as filed cannot defeat the appellant's appeal. Mutual Life Insurance Co. v. Phinney, 178 U. S. 327, 20 Sup. Ct. 906, 44 L. Ed. 1088. The assignment specifies as errors the refusal of the court to make certain findings which were tendered by the appellant, error in making the findings which were made, and error in the conclusions of law. We find in it no such defect as to justify a motion to dismiss the appeal. The motion will be overruled.

On the merits of the case the assignments of error challenge the findings and conclusions of the court in a suit which was brought by the appellee against the appellant for a partition of a certain tract of land consisting of about six acres, in Skaguay, Alaska. The appellee is the father of the appellant, and at the time of testifying in the case was 76 years of age. The land in controversy was a portion of a 160-acre tract, which had been selected by the appellant and the appellee, and which had been occupied jointly by both, but the location whereof stood in the name of the appellant, in trust for the mutual benefit of both. The appellant contended that the whole of said six-acre tract had been set apart to him, and that his father's interest therein had been devested by the execution of certain contracts which had been made and entered into, whereby he had acknowledged the sole and exclusive right of the appellant thereto. The appellee contended that the six-acre tract had been partitioned by a verbal agreement whereby the east half thereof was set apart to him, and the west half was set apart to the appellant, and that the appellee thereafter was induced to sign the contracts by fraudulent misrepresentations, and in ignorance of their purport. The trial court, upon the issues and the evidence which was offered, found that the appellee was induced to sign the contracts to save himself and his son from litigation in connection with a certain wharf business in which they were jointly engaged at Skaguay, and that he was under constraint, and the court applied to the transaction the rule that a contract made between a cestui que trust and his trustee cannot be sustained unless it affirmatively appear to have been fair and just. Perry on Trusts, § 194. The conclusion of the trial court upon the conflicting evidence of the facts involved in the controversy will not be reviewed in this court, unless it is shown to have been obviously opposed to the weight of the evidence. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Tate v. Holmes, 22 C. C. A. 466, 76 Fed. 664; North Am. Exploration v. Adams, 45 C. C. A. 185, 104 Fed. 404. A perusal of the brief record of the testimony convinces us that no error was made.

The appellant makes the point of law that the court erred in assuming upon the admitted facts that the relation of cestui que trust and trustee existed between the parties to the suit. He contends that the conclusion that a trust existed was deduced solely from the fact that there was joint occupation of the premises by the father and the son, and he urges that the essential elements of a trust are lacking in that no evidence was offered of an agreement or words sufficient to raise a trust, no definite subject of a trust was shown, and no object thereof

was ascertained. The trust, as it was found by the court, rested on the fact that the location of the land stood in the name of one of the parties for the joint use and benefit of both, and that both had selected the site of the location and had expended money thereon in its improvement, and that the recorded title stood in the name of the appellant for both. These facts are sufficient to create a trust the subject whereof was the land. Nothing more was necessary. The parties thereto could by mutual agreement carry out the trust, whenever they deemed it necessary to do so, or, in the absence of an agreement, could adjust their rights by a suit in partition, as has been done.

We find no error for which the decree should be reversed. It is accordingly affirmed.