LEGGAT v. McLURE.

(Circuit Court of Appeals, Ninth Circuit. August 14, 1916.)

No. 2761.

1. APPEAL AND ERROR ☞1011(1)—SCOPE OF REVIEW—CONFLICT IN EVIDENCE.
    Findings of fact, based on conflicting evidence taken in open court, will not be disturbed on appeal, in the absence of a showing that in arriving at such findings the trial court erroneously applied some rule of evidence or found contrary to the decided weight of testimony.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3988; Dec. Dig. ☞1011(1).]

2. EXECUTION ☞291—SALE—RIGHT OF PURCHASER—EFFECT OF AGREEMENT WITH DEBTOR.
    Although Rev. Codes Mont. § 6836, provides that on execution sale the purchaser is substituted to and acquires the right, title, and interest of the judgment debtor, yet, if the purchaser is a close friend and business associate of the debtor and agrees to buy four properties without severance at sale for a grossly inadequate consideration, and to hold whatever title he gets only as a mortgage, and after sale before expiration of the redemption period again agrees so to hold the property, and the debtor within two years offers to redeem, the purchaser acquires no title of the debtor, who may redeem at any time, the transaction being a trust, and, once a mortgage, remaining always a mortgage.
    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 829, 831–834; Dec. Dig. ☞291.]

Appeal from the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by Charles D. McLure against Rod D. Leggat. Decree for complainant, and defendant appeals. Affirmed.

The appellee brought suit against the appellant to compel a conveyance of certain mining properties, alleged to be worth more than $100,000 which had been levied upon on execution and offered for sale at Butte, Mont., on June 6, 1913, upon a judgment against the appellee. The bill alleged that the properties were bid in by the appellant for $1,004.15, under an agreement which he had with the appellee, whereby he was to bid an amount equal to the judgment and costs, and to hold the title so acquired as a mortgage, and that the appellant further agreed, before the expiration of the time for redemption, which was one year, that any title he might obtain he would hold as a mortgage, and that the appellee endeavored to redeem upon the payment to the appellant of the amount so bid, less $500 which he had loaned to the appellant. The appellant answered, denying the allegations of the bill. The court below found that all the allegations of the complaint were true, and directed that upon the payment of the sum bid the appellant should convey to the appellee all the property which the latter owned on the date of the execution sale.

The appellant assigns error to the findings of the court below and to the legal conclusions that the appellee was entitled to recover from the appellant the interests in the mining claims described in the complaint, and that the appellee offered to redeem within a reasonable time after the period of redemption expired.

Nolan & Donovan, of Butte, Mont., for appellant.

Gunn, Rasch & Hall, of Helena, Mont., and Maury, Templeman & Davies, of Butte, Mont., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The findings of fact are all based upon evidence which is conflicting, and which was taken in open court, and they will not be disturbed by this court, in the absence of a showing that in arriving at the same, the court below erroneously applied some rule of evidence or found contrary to the decided weight of the testimony. Moore v. Moore, 121 Fed. 737, 58 C. C. A. 19; Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664; Tate v. Holmes, 76 Fed. 664, 22 C. C. A. 466.

[2] The evidence was that the appellant and the appellee were jointly interested in some of the mining properties, the appellee's interests in which were sold on execution; that for many years the appellant had sustained toward the appellee a relation of close personal friendship and business agency; that on the date of the execution sale the appellant attended the sale at the request of the appellee for the purpose of buying in the property for the appellee's benefit; that the appellant bought the property upon an understanding with the appellee that the title therein was to be held by the appellant as a mortgage for the amount of the appellant's bid; that on April 6, 1915, less than two years after the sale, the appellee offered to pay the appellant the sum which the latter had bid on the land, together with interest thereon, on condition that the property be reconveyed to the appellee; that in the interval between those dates the appellant repeatedly admitted the appellee's title to the property, and promised to reconvey the same to him.

Additional considerations suggesting equitable relief are the facts of the gross inadequacy of the consideration, the ample evidence that the appellant abused the trust and confidence of the appellee, and the irregularity in the sale, in that the interests of the appellee in four separate parcels of property were not sold separately, but were sold in gross to the appellant, he making no protest or objection thereto, and he being the representative of the appellee at the sale and attending the same at the appellee's request.

The appellant contends that under section 6836, Revised Codes of Montana, which provides that "upon a sale of real property the purchaser is substituted to and acquires the right, title, interest, and claim of the judgment debtor thereto," the appellant acquired the complete legal and equitable title of the appellee in the property, the appellee retaining only the bare right to repurchase (McQueeney v. Toomey, 36 Mont. 282, 92 Pac. 561, 122 Am. St. Rep. 358, 13 Ann. Cas. 316), and that thereafter nothing passed to the appellant by reason of the expiration of the period of redemption or by the sheriff's deed, and that a promise, if made by him within that period, to hold the property as a mortgage was without consideration and void. But the evidence shows that the promise was made before the expiration of the period of redemption, and that the trust relation remained unchanged after that date as it existed before, and that the agreement, once a mortgage, was always a mortgage as between the two parties thereto.

The case needs no further discussion. We find no merit in the appeal. The decree is affirmed.